## Structure Oil Company v. Chambers.

(Decided March 17, 1925.)

### Appeal from Johnson Circuit Court.

Master and Servant—Owners of Teams Employed by One Contracting with Defendant Held Independent Contractors.—Where one who had contracted with defendant to do its hauling employed others who were engaged in independent hauling by job, furnished their own teams, controlled details and method of their work, and over whom defendant had no supervision, held, that they were independent contractors, and defendant was not liable for their negligence.

BEVERLY R. JOUETT and KIRK, KIRK & WELLS for appellant.

W. J. WARD and WHEELER & WHEELER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is an appeal from a judgment of $2,000.00 for personal injuries.

Appellee's claim for damages is based on the alleged negligence of appellant's agents in attempting to load a spool of wire weighing about 2,000 pounds. Appellant's

chief defense was that the men engaged in handling the wire were not its agents, but were independent contractors, and it is insisted that the court should have so held, and have sustained appellant's motion for a peremptory instruction.

The facts are these: Appellant's oil fields are located about ten miles from Paintsville and it had contracted with one A. L. Jackson to do its hauling. Whenever his teams were out he got other teams to do the hauling. Whenever this occurred he presented his bill for the entire amount and then paid the men whom he had employed. On the day of the accident, he was notified by Mr. Powers, appellant's bookkeeper and stenographer, that there was some material at the station to be hauled. Carl Blanton and Frank Brown were there with their teams, and he got them to do the work, telling them to report to Mr. Powers at the depot and he would show them what he wanted hauled. Powers was there when they appeared and showed them the spool of wire and told them to load it, but did not tell them how to load it. While Blanton and Brown were attempting to roll the spool of wire through the door of the freight car, it tilted in some way and fell over against appellee, who was near the door assorting some tiles in a box, and broke his leg.

It is difficult to perceive upon what theory it can be said that Blanton and Brown were the agents of appellant. Not only were they employed and paid by Jackson, who had contracted to do appellant's hauling, but they were engaged in the independent work of hauling for others by the job. They furnished their own teams, and did the work themselves. Appellant's bookkeeper merely told them what to haul and where to haul it. Appellant never retained nor exercised the right to discharge them at pleasure, or to direct the manner in which the work should be done. On the contrary, the details and method of work were left solely to them. In accomplishing the result they had the right to place their teams wherever they desired, and to unload, roll and load the wire in any way they deemed best. That being true, they were independent contractors, and appellant was not liable for their negligence. Driscoll v. Towle, 63 N. E. 922; McCarty v. Muir, 50 Ill. App. 511; Jahn's Admr. v. Wm. H. McKnight & Co., 117 Ky. 655, 78 S. W. 862; M. P. Flickenger v. Industrial Acci. Commission, 181 Cal. 425, 184 Pac. 851; Western Indemnity Co. v. Pillsbury,

172 Cal. 807, 159 Pac. 721; Carter Coal Co. v. Howard, 169 Ky. 87, 183 S. W. 244. It follows that appellant's motion for a peremptory instruction should have been sustained.

Judgment reversed and cause remanded for a new trial consistent with this opinion.