# Bowen v. Gradison Construction Company, et al.
## Owings' Administrators v. Same.
## South v. Same.

(Decided May 8, 1928.)

## Appeals from Montgomery Circuit Court.

1. Automobiles.—To hold employer liable for injury by servant in operation of automobile, it must be shown by evidence that servant was employed by him and that servant was engaged within scope of employment at time of injury.

2. Automobiles.—In action for death and personal injuries from being struck by motortruck, evidence that defendant construction company was sole contractor in construction work on street, that all material being hauled by certain truck drivers was used in such construction, and that company's agent had sole charge and supervision of work created prima facie presumption of relationship of master and servant between company and driver of truck in question, even though some of trucks were owned by third parties, putting on construction company burden to prove driver of truck in question was independent contractor's servant.

3. Automobiles.—In actions for death and personal injuries against construction company from being struck by motortruck, under evidence that all material being hauled by truck drivers was used by construction company whose agents and servants had sole charge and supervision of construction and accepted material hauled, peremptory instruction for construction company on theory that employment of driver by construction company or that driver was not acting within scope of employment was not shown was error, although truck in question was not owned by company.

4. Automobiles.—In actions for death and personal injuries from being struck by motortruck, under evidence showing that construction company was doing all construction work at certain place and using all material hauled by trucks, there was prima facie presumption that driver of such truck was company's servant, although truck did not belong to company, and, in absence of any evidence that truck owner was independent contractor

hauling materials, peremptory instruction should have been given for him.

MARCUS C. REDWINE, W. O. CHENAULT, SR., HENRY WATSON and FOWLER, WALLACE & FOWLER for appellants.

ROBERT H. WINN and W. B. WHITE for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—
Affirming in part and reversing in part.

While driving a loaded truck upon the public highway near the town of Mt. Sterling, Owen Richards ran upon and injured Bettie Bowen, Macie South, and Laura Owings. The first two were seriously injured, and Laura Owings died as a result of her injuries. The administrator of Laura Owings' estate instituted suit to recover for her death, and Bettie Bowen and Macie South instituted separate actions, against the Gradison Construction Company and James W. Richards jointly, to recover damages for their injuries so received. The petition in each case alleged that the Gradison Construction Company was engaged in the construction of Van Antwerp avenue, in the city of Mt. Sterling, under a contract duly made with the city for that purpose; that in so doing sand, cement, and other building material were transported in the truck in question for that company's use; and "that said Gradison Construction Company requested, directed, supervised, and controlled the hauling of said paving material by said James W. Richards and Owen Richards from a point near Ewington to said avenue where it was constructing and paving said street." There is no allegation as to the ownership of the truck or that James W. Richards had any interest in the business. Both defendants traversed the allegations of the petition, and the Gradison Construction Company also pleaded affirmatively that James W. Richards was engaged in independent hauling and livery business in the city of Mt. Sterling and had an independent contract with it (defendant) to haul paving material used in the construction of the street, and that it had no control over such hauling and no control whatever over the truck which caused the injuries. The affirmative allegations of the answer were controverted by reply. Owen Richards was not sued. The cases were tried and heard together, and at the conclusion of plaintiffs' evidence upon a di-

rected verdict, judgment was entered for the defendant in each case. The plaintiffs appeal.

The evidence conduces to show that the Gradison Construction Company had a contract for the construction of certain streets in Mt. Sterling, including Van Antwerp avenue; that it obtained its materials at Ewington, about two miles distant. Several trucks were engaged in its transportation, some of which were owned by the Gradison Construction Company, some by Chris Shawhan, its foreman, and one by James W. Richards. On the day in question the Richards truck was driven by Owen Richards. This truck held about six tons; it was loaded at Ewington with sand, cement, and ballast by Gradison's employees and out of its bins. It was driven to the place where the work was in progress by Owen Richards; the pegs were there removed by Gradison's men and the material unloaded by Richards; Gradison's foreman, Shawhan, being in general supervision over the work. On one of these trips this truck collided with the plaintiffs in these actions, injuring two of them and killing a third, there being some evidence showing negligence on the driver's part. No evidence was introduced as to Owen Richards' employment or as to any contractual relation existing between the Gradison Construction Company and James W. Richards.

The trial court seems to have been of the opinion that, in order to hold either of the defendants liable for the negligence of Owen Richards on the doctrine of respondeat superior, it was essential for plaintiffs to show (1) that Owen Richards was employed by such defendant, and (2) that he was engaged in the scope of his employment at the time of the injury; that this was not proved, hence the peremptory.

It is true that, to authorize a recovery, the above propositions must be established by the evidence. But it will at once be observed that under the pleadings and proof the Gradison Construction Company was the sole contractor in the construction of the street, and that all of the material was being used and all of the labor employed in such construction. Necessarily its servants so engaged were within the scope of their employment. And as the evidence indicated that the construction company's agents had sole charge and supervision of the work, by the acceptance of such labor and the use of such instrumentalities in its business, a prima facie presumption of the relation of master and servant between it and

the drivers of the trucks was raised, even though some of the trucks were actually owned by third persons. And if that company seeks to be relieved on the ground that Owen Richards was the servant of James W. Richards, an independent contractor, or relies upon any other affirmative defense, the burden was upon it to establish that defense. 39 C. J. 970; Midgett v. Branning Mfg. Co., 150 N. C. 333, 64 S. E. 5; Simila v. N. W. Improvement Co., 73 Wash. 285, 131 P. 831; Taylor B., etc., R. Co. v. Warner, 88 Tex. 642, 32 S. W. 868; Perry v. Ford, 17 Mo. App. 212; Wood on Master and Servant, p. 584. The lower court seems to have relied upon Wood v. Indianapolis Abattoir Co., 178 Ky. 188, 198 S. W. 732, in support of the peremptory. But the facts in that case are not at all analogous to the facts in this case. That truck was empty, and there was no evidence indicating the purpose for which it was being used. The court recited the familiar rule that, to invoke the doctrine of respondeat superior, supra, it was essential for the plaintiff to show that the motor vehicle was driven by an employee who was at the time engaged in his master's business. And after referring to the facts concluded that as the driver of the truck was the general manager of the company it could be inferred that he was engaged in the master's business at the time. There is nothing in the reasoning of that case that militates against the conclusions reached, supra. True the opinion refers to cases involving facts based upon the use of automobiles, and in which proof of the negligent use of a car by an employee with resulting injury to a third person does not alone raise a presumption that the employee was acting within the line of his duty. But nevertheless it was there held that proof of defendant's general manager driving an empty truck was prima facie evidence of his acting within the scope of his employment. Certainly that case is no authority against the rule that, as to commercial trucks which are being used in the transportation of material for the purpose and in the manner indicated in this case, the one for whose use the labor was performed, by accepting the labor of the driver and directing his movements, should be held responsible for his conduct while thus engaged, even without formal employment.

However, the same rule which forbade a peremptory instruction to the Gradison Construction Company applies with full force in favor of such instruction on behalf

of James W. Richards. It will be observed that there is not a scintilla of evidence indicating that he was jointly interested with Gradison in the contract or construction, and there is no evidence showing that he was an independent contractor directing the movements of his own men. It follows that, at the close of plaintiffs' evidence, under the prima facie presumption discussed above, no cause of action had been made out against Richards. The natural inference from this proof is that Richards had hired or furnished his truck, and perhaps his driver, to the Gradison Construction Company, and under such circumstances his driver would be a servant of that company; and it alone would be responsible under the doctrine of respondeat superior. Hill v. Poindexter, 171 Ky. 847, 188 S. W. 851, L. R. A. 1917B, 699, and cases there cited; Byrne, Admr. v. Kansas City, Ft. S. & M. R. Co., 22 U. S. App. 220, 9 C. C. A. 666, 61 F. 605, 24 L. R. A. 693; Linstead v. C. & O. R. Co., 48 S. Ct. 241, 72 L. Ed. —.

Wherefore the judgment is affirmed as to James W. Richards and reversed as to the Gradison Construction Company, and cause remanded for proceedings consistent with this opinion.