## Sympson Bros. Coal Co. v. Coomes et al.

(Decided March 21, 1933.)

(Common Pleas Branch, Second Division).

W. W. DOWNING for appellant.

WILLIAM J. GOODWIN for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Joseph L. Coomes, Thomas L. Coomes, and Howard Kiefer, about 9 o'clock on the morning of the 8th of October, 1931, were traveling in a Ford coupe east on Burnett street in Louisville, Ky., when the car was stopped about the middle of the block, between Clay and Hancock. Kiefer was driving, Thomas L. Coomes sitting next to him, and Joseph on his right, next to the door of the car, when a truck operated by William Thompson, of color, ran into the rear of the coupe. The impact threw Thomas L. Coomes forward; his head struck the windshield; his body bounced back against the seat, injuring his back and neck and other parts of his body. Immediately before and at the time of the accident, a member of the Louisville police department was traveling on Burnett avenue, going east, when he observed the presence of the Ford coupe and the truck. The coupe was parked, and the truck was traveling in the direction of the coupe, operated by a colored boy, with another colored boy in the seat with him. They were looking back out through the window at

a colored woman standing on the curb when it ran into or struck the Ford coupe, knocking it 30 or 40 feet. At the time the Ford coupe parked, the truck was about one-half square behind it. As soon as the truck struck the coupe, the policeman noticed the name "Sympson Bros. Coal Company," on the side of the truck. The policeman went to where the accident occurred, and discovered the driver of the truck had a copy of a delivery ticket of the Sympson Bros. Coal Compnay, showing the coal was being delivered; the truck at the time contained about a ton of coal. The name "Sympson Bros. Coal Company, Inc." was on a cardboard or piece of tin, attached to the side of the truck. Joseph L. Coomes, when the door of the coupe was opened, fell to the fender of the car, and while in this position observed the name, "Sympson Bros. Coal Company" on the truck. Thomas L. Coomes also saw the name "Sympson Bros. Coal Company" on the truck. He stated the sign was yellow cardboard or wood, fastened to the side of the truck. Thomas L. Coomes was carried to his home, where he was treated by Dr. Russman. Howard Kiefer, in company with his brother and Thomas L. Coomes, at once went to the place of business of the Sympson Bros. Coal Company, where they engaged in conversation with the person in charge of the scales with which the coal was weighed as it was sold and delivered. Howard Kiefer's brother did the talking for the three. This witness' narration of the conversation is in this language:

"My brother was the one that spoke in the case and he asked him (the man in charge of the scales) if Willie Thompson worked there. He said, 'Yes, Willie Thompson was out on a run, that he had had a wreck that morning, and that he was getting 75 cents to deliver that coal.'"

When Howard Kiefer testified as to the conversation with the person in charge of the scales of the Sympson Bros. Coal Company, the court sustained an objection and excluded it from the jury. P. L. Sympson, who was one of the owners of the Sympson Bros. Coal Company, when testifying for the Sympson Bros. Coal Company, was asked concerning the conversation claimed to have been had by Kiefer, his brother, and Thomas L. Coomes with the person in charge of the scales. He admitted he had the conversation with them,

but denied making the statements attributed to him by the excluded testimony of Howard Kiefer. In rebuttal, Howard Kiefer, Chas. Kiefer, and Thomas L. Coomes were recalled. The court permitted them to detail the conversation with P. L. Sympson, with the admonition to the jury that it was admitted only for the purpose of affecting the credibility or the weight of the testimony of P. L. Sympson. The exclusion from the consideration of the jury the conversation with P. L. Sympson as it was detailed by the examination of the witnesses in chief, before the plaintiff had an opportunity to develop by the testimony of P. L. Sympson that the conversation actually occurred between him and the Kiefers and Thomas L. Coomes, deprived the plaintiff of this testimony as substantive evidence. Coomes was entitled to have the conversation of P. L. Sympson with the Kiefers and Thomas L. Coomes go to the jury as substantive evidence, and, when P. L. Sympson admitted on the witness stand that he was the person with whom the conversation occurred, the court should have sua sponte overruled the objection theretofore sustained to the testimony in chief of Coomes' witnesses, disclosing the conversation, and admonished the jury to consider it as substantive evidence instead of admitting it only as impeaching testimony. Thomas L. Coomes was asked this question: "For whom was he (William Thompson) working at that time (of the injury)," and he answered: "Sympson Coal Company." At the time this question was asked and answered, it was not objected to. Later a motion was entered by the Sympson Bros. Coal Company to exclude this question and answer. The motion was overruled.

It is insisted by the Sympson Bros. Coal Company that the court erred in overruling the motion to exclude them. The answer is a statement of a fact and without an explanation showing it was based on hearsay or was merely an opinion. It was clearly competent until it was developed by cross-examination that the statement was an opinion or hearsay. Without such explanation, no error was committed in overruling the motion to exclude it. W. L. Whisman was asked, "Where did the coal come from?" His response was "He (William Thompson) stated he was hauling for Sympson Bros. Coal Company." The question when propounded and answered was not objected to. No objection having been made by the Sympson Bros. Coal Company, the

right to object to both the question and answer must be regarded as waived, even though the answer was incompetent.

The evidence in behalf of the Sympson Bros. Coal Company as it was given by P. L. Sympson, H. M. Sympson, Henry Moseby, and William Thompson is, in substance, that, at the time of the accident, William Thompson was the owner of the Ford truck, operating it for himself, hauling and delivering a load of coal to his father-in-law, and that at that time neither he nor his truck was employed by, or engaged in, the business of the Sympson Bros. Coal Company; that he bought the ton of coal for his father-in-law at the price of $4 from the Sympson Bros. Coal Company, and was hauling and delivering it on his own account to his father-in-law, who paid him 75 cents for the services of himself and truck.

The Sympsons and Thompson admit in their testimony that the ticket Thompson had in his possession at the time Coomes was injured was made out and delivered to him by the Sympson Bros. Coal Company, and that it was in form just a plain ticket which usually accompanied the coal sold by the company, "so the customer would know he was the party to whom the coal was sold and delivered." They also testified Thompson had been working for the Sympson Bros. Coal Company for two or three years, but that two or three days before the accident he went off duty to get a "dump body" for his truck, and for that reason was not working for the company on the day of the accident, and that he did not work for two days after that, during which time he was having his truck repaired; that the name "Sympson Bros. Coal Company" was not on the truck when it ran into the Ford coupe, but two or three weeks after the accident the sign was painted on it by the Sympson Bros. Coal Company. All other trucks which were engaged in hauling coal for the company, at that time, were lettered by them with the name "Sympson Bros. Coal Company" or "Sympson Bros." At the conclusion of the evidence introduced in behalf of Coomes, a peremptory instruction was requested by the Sympson Bros. Coal Company, which was refused by the court. At the conclusion of all of the evidence, the motion was renewed. Again it was overruled. It is here insisted most earnestly that the court erred in refusing to give the peremptory instruction.

The decisive issue is whether William Thompson and his truck at the time of the injury of Coomes were engaged in the business of the Sympson Bros. Coal Company. The evidence is conflicting on this issue. The contention that there is no evidence on behalf of Coomes establishing that Thompson and his truck at the time the injury was sustained by Coomes were engaged in the business of the Sympson Bros. Coal Company is not logically consistent with the facts as they are shown. It is conceded by the Sympson Bros. Coal Company that the evidence of the sign on the truck, the presence of the load of coal, and the possession of the delivery slip by Thompson, create the presumption that the driver of the truck and the truck were at the time engaged in the business of the Sympson Bros. Coal Company, but it is argued that this presumption, in view of the evidence adduced, in itself is not sufficient to justify the overruling the motion for a peremptory instruction, at the conclusion of all of the evidence. It also insists "that the presumption is entirely overcome since the testimony in behalf of the company is to the effect that the man was not acting in the business of the employer."

To sustain this insistence, Mullen & Haynes Company v. Crisp, 207 Ky. 31, 268 S. W. 576, is presented as an illustration. A cursory examination and a slight comparison of the facts in that case with those in the present one show they are not analogous, and it is not applicable and controlling here.

The argument that the evidence in favor of Coomes is overcome by that in behalf of the company cannot be considered in determining the propriety of the action of the court in overruling the motion for peremptory instruction. In every case where there is a scintilla of evidence sustaining the plaintiff's right to recover, within the meaning of this phrase as it has often been defined by this court, the case should be submitted to the jury. American Dist. Tel. Co. v. Oldham, 148 Ky. 320, 146 S. W. 764, Ann. Cas. 1913E, 376. Also it is an established rule, "if the plaintiff makes out his case, however much the evidence for the defendant may overbalance that introduced by the plaintiff, he is entitled to have the jury pass upon the issue; and that the court cannot in such a case give a peremptory instruction, although he may be of the opinion that, if the jury should find a verdict for the plaintiff, it should be set aside,.

and a new trial granted.'' Stanley's Adm'r v. Duvin Coal Company, 237 Ky. 813, 36 S. W. (2d) 630, 634. These elementary and familiar rules have been so often reiterated by this court, it is scarcely necessary to cite our former opinions to sustain a statement of them. Their applicability is determined by the facts in each particular case. When the facts in the present one are appraised and measured by them, it cannot be doubted that the verdict of the jury finding that William Thompson at the time Coomes suffered his injury was an employee of the Sympson Bros. Coal Company, acting within the course and scope of his employment, is sufficiently supported by the evidence, notwithstanding the positive statements, on the witness stand, of P. L. Sympson, H. M. Sympson, William Thompson, and Henry Moseby. The testimony of the witnesses to the effect that the name ''Sympson Bros. Coal Company'' was not on the side of the truck at the time Coomes sustained his injury is as positive as all other of their statements. There is one conspicuous fact sufficient to convince the unbiased and disinterested mind that these statements of the Sympsons and William Thompson are doubtful, if not incorrect; i. e., the fact that immediately after Coomes' injury the Kiefers and Thomas L. Coomes went to the office of the coal company and made the inquiry of P. L. Sympson as it is narrated in their testimony. Unless these parties saw the name of the coal company on the truck as they claim they did, they were without information as to who was the owner of the truck, or where to go to ascertain the name of the owner.

If they did not observe the name of the company on the truck, manifestly they would not have gone to the office of the Sympson Bros. Coal Company and made inquiry. It is not claimed either of them heard Thompson's conversation with the policeman. Thompson's statement to Whisman at the time and place of the accident was spontaneously made, and is potently significant. His possession of the delivery ticket and its recitations are not entirely and satisfactorily explained by the Sympsons. The statements of P. L. Sympson to the Kiefers and Coomes were made by him without information or knowledge on his part, at that time, that the company would be sued for the injury sustained by Coomes. It is not unfair to say that the statements of P. L. Sympson and Thompson are ir-

reconcilable and entirely inconsistent with their later statements on the witness stand.

The credibility of the witnesses and the weight to be given to their testimony were for the jury. The established rules of practice forbid this court interfering with a verdict of the jury where the evidence is conflicting unless it affirmatively appears that the appealing party has been deprived of a fair trial because of errors of the court or jury. New York Underwriters' Insurance Co. v. Mullins, 244 Ky. 788, 52 S. W. (2d) 697; Globe Indemnity Co. v. Daviess, 243 Ky. 356, 47 S. W. (2d) 990.

The Sympson Bros. Coal Company urges that, under the proven facts, William Thompson was an independent contractor at the time Coomes sustained his injury, and therefore a peremptory instruction should have been given. The case was practiced and tried on the theory that William Thompson was its employee a day or two prior to the time Coomes sustained his injury, and that he returned to his employment a day or two after the injury, but that he was off duty and not acting in the course and scope of his employment on the occasion of the accident. The question of Thompson being an independent contractor at the time Coomes sustained his injury is presented in this court for the first time. Neither the pleadings, the evidence, nor the instructions of the court presented the question of an independent contractor, and the case was tried and decided entirely upon the question whether or not Thompson was off duty on that particular day and not acting as the company's employee at the time of the accident. Howard v. Ludwig, 171 N. Y. 507, 64 N. E. 172. But considering this question as presented by the pleadings and proof, the Sympson Bros. Coal Company asked no instructions and the court gave none on the theory that William Thompson was an independent contractor. If the question be considered as directly raised by the motion for a peremptory instruction, the evidence very clearly shows that he was on duty as the company's employee at the time Coomes sustained his injury, and that he was not in any sense an independent contractor. Postal-Telegraph Cable Co. v. Murrell, 180 Ky. 52, 201 S. W. 462, L. R. A. 1918D, 357; Williams v. National Cash Register Co., 157 Ky. 836, 164 S. W. 112; Jahn's Adm'r v. McKnight & Co., 117 Ky. 655, 78 S. W. 862, 25 Ky. Law Rep. 1758; Waters v. Pioneer Fuel Co., 52

Minn. 474, 55 N. W. 52, 38 Am. St. Rep. 564. In the case last cited, the owner of a team and wagon was employed by the fuel company to deliver, and delivered by its order, coal to the company's customers. When an order for coal came into the office of the company, it was delivered to him to execute by delivering the amount required, and at the price specified. He loaded the coal, took it to the specified place, procured a receipt, acknowledging its delivery, and returned it and the money, when collected by him, to the coal company. He could quit when he wanted to, and was paid every Saturday night for the services of himself, vehicle, and team. It was held that the jury was justified under this showing in finding that he was not an independent contractor. While the present case was not fully developed on the hypothesis that Thompson was an independent contractor, the facts are sufficiently shown for us to say that a peremptory instruction should not have been given on this theory.

Perceiving no error prejudicial to the substantial rights of the Sympson Bros. Coal Company, the judgment is affirmed.