## Atlas Coal Co. et al. v. Bryant
(Decided Feb. 21, 1936)

DAVIS, BOEHL, VISER & MARCUS for appellant.

CHARLES W. MORRIS and LIEBSON & LIEBSON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On March 3, 1933, at about the hour of 2 o'clock p. m., a truck loaded with coal, traveling west on Main street in the city of Louisville, Ky., collided with an automobile driven by appellee and plaintiff below, K. L. Bryant, which was traveling on the same street going east; the collision occurring near the junction of Ninth street with Main street, on which the colliding machines were traveling. The coal truck was on the north side of Main street, which was the right side of its driver, while the Bryant automobile was on the south side of that street, which was also its driver's right side. Just before the collision, a truck owned by Raymond and William Wilberding, which was parked on the north side of Main street near the curbing, started toward the center of Main street in front of the coal truck so as to obstruct its path; whereupon its driver, Charles Frank, immediately swerved to his left to prevent what he concluded was an inevitable collision with the Wilberding truck which, as he approached it, was standing clear of his path. In the process of escaping the impending collision, the truck collided with the left hind wheel of the Bryant automobile and caused it to turn over on its side and injuring its driver, the appellee and plaintiff below, K. L. Bryant. He later filed this action against the appellant here, Atlas Coal Com-

pany, a corporation, and the two Wilberdings and Charles Frank, the driver of the truck that collided with his automobile, seeking to recover damages to it, and for the personal injuries inflicted upon himself.

The defenses made by the Wilberdings and Charles Frank need not be stated, since a settlement was made with the Wilberdings before the trial of the action, and Frank has not appealed from the judgment rendered against him at the trial of the issues made by him and appellant, Atlas Coal Company; the appeal being prosecuted alone by the latter. The terms of settlement with the Wilberdings was the payment to plaintiff of $450, and the action was thereafter dismissed as to them. The instructions of the court to the jury directed it to credit any verdict that might be rendered for plaintiff by the amount of that settlement, and it returned a verdict against the two defendants on trial, Frank and appellant, in the sum of $2,450, from which was deducted the $450 paid by the Wilberdings in settlement, and judgment was rendered on the verdict against Frank and appellant in favor of plaintiff for $2,000. Appellant's motion for a new trial was overruled, and it prosecutes this appeal from the judgment against it, urging four grounds for a reversal, which are: (1) Error of the court in overruling its motion for a peremptory instruction in its favor offered at the close of plaintiff's testimony and again at the close of all of the testimony; (2) error of the court in not submitting to the jury one of the defenses interposed by appellant (after committing error [1]) which was that Frank was an independent contractor; (3) error of the court in the admission of testimony offered by plaintiff and to which appellant objected; and (4) that the verdict is excessive.

Manifestly, if the first ground is meritorious, it dispenses with the necessity of attempting a determination of any of the others. We have concluded that it is meritorious and well taken, and that the court should have sustained appellant's motion for a directed verdict in its favor on the ground that Frank, the driver of the alleged guilty truck, was an independent contractor, or at any rate that he was not in the employ of appellant at the time so as to render it liable for his neglect, if any, in the operation of the truck, under the doctrine of respondeat superior.

The salient and undisputed facts in the case are: That the Atlas Coal Company runs a coal yard in the city of Louisville at which it sells various kinds and grades of fuel coal, which it carries stored in bins upon its yard constructed for that purpose. Prior to the time of the accident appellant entered into a contract with John Haag, who owned and operated some six or more trucks, to do all of the hauling of its coal from its yards to its customers at stipulated prices per ton, dependent upon the zone or territory to which the deliveries were made. The agreement embraced, according to the undisputed proof, not only the right of Haag to use his own trucks in carrying out that contract with appellant, but also for him to engage or employ additional trucks belonging to others whensoever the amount or bulk of deliveries rendered the use of such additional trucks necessary to comply with his contract. Pursuant to that obligation on his part, he employed Frank, who with his brother and father operated some three or four trucks under a partnership name. The method of carrying out Haag's contract was that the coal company received orders and turned them over to Haag for delivery; they, of course, including the place of delivery as well as the kind and quantity of coal. Haag would then deliver them to the drivers of trucks under his control, including those owned and operated by him, as well as the additional ones that he employed for the purpose, one of whom was Frank. They would drive to defendant's bin containing the quality or kind of coal to be delivered and load their trucks. An agent of appellant would then weigh the truck so as to ascertain the amount of coal in it, and the driver would start on his journey of delivery.

Haag kept an accurate account of the amount of coal delivered by his personally owned trucks and likewise the amount delivered by other trucks in his employ. At the end of the week the owners of the latter class of trucks would either receive their pay from Haag or from appellant under an arrangement therefor with Haag, and, when the payments were so made by it, they would be charged to Haag who, under his contract, with appellant, was to be paid monthly, and, when such payments to him were made, advances that had been made to any of the drivers of his employed trucks would be deducted from the amount due him,

and all of which but constituted a method of payment by appellant to Haag and by no means detracted from the proven relationship of independent contractor between him and appellant. See Borderland Coal Co. v. Burchett, 193 Ky. 602, 237 S. W. 663.

The above facts are proven by the manager of appellant's plant, by Haag, and by two of the Franks, and it is disputed by no witness in the case. Indeed, counsel, as we construe the briefs, appear to admit them. Neither do they deny that an independent contract may be entered into between parties for the accomplishment of delivering articles of merchandise from the plant of the dealer therein in the same circumstances as was the one here involved. If, however, such contention was made, it could not be sustained under the universally declared law on the subject, one of which cases so holding is that of Jahn's Adm'r v. Wm. H. McKnight & Co., 117 Ky. 655, 78 S. W. 862, 25 Ky. Law Rep. 1758. Numbers of others preceding and following it and to the same effect could be cited. So that, unless plaintiff overcame by his evidence of probative value the case for defendant as so made out, it was clearly entitled to the peremptory instruction for which it asked, and the court erred in declining to give it. In the Jahn Case, and the later one of Structure Oil Co. v. Chambers, 208 Ky. 30, 270 S. W. 458, rendered twenty-one years thereafter, the facts were almost identical with those appearing in this one. The first one dealt with the question of independent contractors to do hauling for the defendant, and which was being done under an independent contract made for that purpose, and in the conducting of which the one for whom the hauling was done, as in this case, had no control over any of the employees connected with the hauling or with their employment or discharge nor with their compensation for such service. Therefore, we repeat, that, unless something else in the case precludes appellant from relying on the defense under consideration, the motion for the peremptory instruction should have prevailed. Plaintiff's counsel seek to destroy its efficacy in this case by showing that the truck driven by Frank at the time of the collision had upon it a signboard bearing the name of appellant, but which the proof showed he himself put upon it when delivering coal from appellant's plant.

It is also urged that Haag, with the knowledge of appellant, took out indemnity insurance covering public service accidents inflicted by his personally owned trucks while delivering coal for appellant as well as specially hired trucks by him when engaged in the same undertaking, and which policy also indemnified against accidents inflicted by personally owned automobiles of appellant used by its officers in performing their official duties and in going to and returning from the plant. It is uncontradictedly shown that the name of appellant in the indemnifying policy taken out by Haag, who himself paid the entire premium therefor and to which appellant did not contribute any sum whatever, was incorporated out of abundant caution to protect it against possible liability in case it should be adjudged that the facts constituting the independent contract relationship failed to do so, as well as to protect it against accidents inflicted by its personally owned automobiles which were not used for or employed in delivery service. Clearly, it was not the intention of Haag or appellant to destroy, impair, or in any wise nullify their independent contract relations by the procurement of the policy referred to. This is not a case springing from any contract relationship which was entered into by a third party (Bryant here) with Haag or Frank under the belief that appellant was a party thereto because of any relationship it sustained to either of them on account of any act or manifestation which it suffered, permitted, or did as inspiring any such belief. Therefore one who seeks to obtain compensation for a tort inflicted by an employed instrument in carrying out that independent contract is in no position to insist on any such alleged misleading facts whereby he became vested with the right that he seeks to enforce. Hence a number of the cases relied on by appellee's counsel are inapplicable because of such distinction.

It is also urged that the defense of independent contractor is not available to appellant because, on some occasions when the delivery was made to a customer whose credit was doubtful, and whom appellant would not credit, the driver of the delivery trucks, pursuant to indications on the ticket given to him by Haag, would collect the price of the coal delivered with directions to return it to Haag, who would in turn deliver it to appellant; but, on some occasions

when Haag would not be accessible when the driver would return to the coal yard, the collection would be delivered to the bookkeeper of appellant, and, as we gather from the record, Haag would later be notified, but, whether that be true or not, we regard as immaterial. The action in this case did not spring from or grow out of any act performed in making such C. O. D. collections. Nothing happened of which complaint is made during the performance of that function by the driver of the truck, and his service in hauling the coal to the customer under his arrangement with Haag was not made for that purpose, since the task of collection arose after the coal was delivered and which would not be done unless payment was made; for the proof is equally uncontradicted that, when payment would not be made by such class of customers, Haag would be notified (not appellant), and he would then direct the driver of the truck what to do with the coal, which in some instances would be ordered by him to be delivered to another customer in the same general neighborhood or for the load to be returned to defendant's yard, all of which was embraced under the construction of the contract between the parties and was strictly followed out.

It is also insisted that appellant should nevertheless be rendered liable because there was a colored man on Frank's truck at the time of the collision who had gone along with him to "wheel" the delivered coal into the bin or place of depository of the particular customer from the pavement where the driver emptied it because there was no way of getting to the place of final deposit. In such cases the duty of the driver ended and the delivery was complete so far as the independent contractor was concerned when the coal was so unloaded. Customers who required the wheeling of coal from such point of delivery to its final destination for use appear to have been more or less numerous, and which fact seems to have been well known and attracted a number of people, mostly colored, around appellant's plant who desired such jobs for customers needing such service when there was an order requiring it, and which was always known in advance, since appellant when taking the order would obtain the necessary information in respect to the matter. Those people were in no sense in the employ of appellant, according to the proof, nor did it establish

any fact indicating to the contrary. They had merely gathered there to pick up "the crumbs," to which we have referred, that might fall from appellant's table when it had a customer requiring such wheeling service. Consequently, when such orders were filled, one of such hangers-on would get upon the truck and perform the service referred to after the coal was delivered and unloaded, and the charges therefor when the delivery was made to the C. O. D. customer would be collected with the coal bill, but, when the delivery was made to a credited customer, it would be charged on his bill, and which processes were but a method of paying a bill chargeable exclusively to the customer for services rendered exclusively to him, and not in the performance of any duty of appellant to him.

One of such seekers for a wheeling job was on Frank's truck at the time of the collision, and it is strenuously argued that, because of that fact, Frank and his truck were thereby divorced from operating under Haag's independent contract and became temporarily under the control, direction, and management of appellant, with its corresponding liability for any negligence committed by the truck driver en route to the point of delivery, notwithstanding none of the injuries inflicted thereby grew out of any nonperformance of duty by the wheeler of the coal into the customer's bin from the pavement in front of his premises where it was delivered under Haag's independent contract. The service of the "wheeler" under the proven facts were rendered exclusively for the customer and not in discharge of any duty that appellant owed to him or Haag or Frank in making the sale or delivery.

The law is a living vital thing supported by reason, and, before its declared principles may be either invoked or disallowed, authority therefor should be furnished by the facts in the particular case. The facts to which we have referred, and which are relied on to take this case out of the operation of the independent contract doctrine, have no tendency to detract from that defense when they are measured by the yardstick of reason and logic. The clearly apparent purpose of counsel in urging such matters is to prove and demonstrate that there was no such independent contract relationship existing between Haag

634

and appellant at the time of the collision complained of. Everyone of those alleged detracting matters is perfectly consistent with the independent contract relationship, and none of them destroys or impairs any of the elements constituting such a relationship. Besides the Jahn and Chambers Cases, supra, appellant's counsel also cite and rely upon a number of other domestic ones, some of which are Messmer v. Bell & Coggeshall Co., 133 Ky. 19, 117 S. W. 346, 19 Ann. Cas. 1; Williams v. National Cash Register Co., 157 Ky. 836, 164 S. W. 112; the Burchett Case, supra; Stamper v. Jesse, 199 Ky. 324, 250 S. W. 1008; Diamond Block Coal Co. v. Sparks, 209 Ky. 73, 272 S. W. 31; American Savings Life Insurance Co. v. Riplinger, 249 Ky. 8, 60 S. W. (2d) 115; and others cited in those opinions.

Counsel for plaintiff cite and rely upon prior cases of this court which they claim are applicable here because of the alleged similarity of their facts with those in this one. The strongest ones in their favor as claimed by them, and which contain more analogous facts than any of the others, are Bowen v. Gradison Construction Co., 236 Ky. 270, 32 S. W. (2d) 1014; Sympson Bros. Coal Co. v. Coomes, 248 Ky. 324, 58 S. W. (2d) 594, with some others cited in those opinions, but those two approach nearer to similarity in their facts to those in this record than do any of the others. The Sympson Brothers Case did not have in it the question of independent contractor. The issue there was whether the driver of the guilty vehicle was or not at the time in the service of the alleged master. A considerable amount of evidence was heard showing that he was in its employ without objection from it and enough of that unobjected to testimony together with some other proven circumstances was held by this court as sufficient to submit that issue to the jury and to sustain its verdict finding the alleged master liable, on the ground that the guilty driver was at the time in the actual service of the master. Here the issue is whether or not there existed the independent contract relationship relied on. It was proven, as we have stated, without contradiction, and the relied on facts to disprove it, to which we have referred, have no logical tendency to do so. Their presence in the case is completely explained in a manner in perfect harmony with the existence of such an indepen-

dent contract and also in a manner to show that the guilty servant in this case was in no legal sense in the employ of the appellant, Atlas Coal Company. No such harmonizing and explanatory testimony appeared in the cases supra, relied on by appellee's counsel, and, because of the difference in the facts, we held that the verdict of the jury upon the submission of the crucial issue could not be said to be flagrantly against the evidence, and the opinions also for the same reason upheld the action of the court in each of them in overruling defendant's motion for a peremptory instruction in its favor. The facts in each of them relied on to refute the interposed defense, had a logical tendency to produce that effect, and were more or less inconsistent with and destructive of the defense urged and which plaintiff sought to overcome, but all of which is absent in this case, since, as we have seen, the refuting facts relied on are perfectly consistent with the undisputed independent contract with Haag to do all of defendant's hauling with servants and vehicles of his own selection, exclusively employed by him and under his exclusive control.

We deem it unnecessary to further refer to or discuss the cases cited on either side, many of which are foreign ones. They are all of the same general tenor as the domestic ones to which we have referred, and each of them is governed, as is the practice everywhere, by its own facts. Since appellant is shown to have had nothing whatever to do with the task of hauling its coal nor any voice in the selection of the instrumentalities or persons engaged in it nor did it do, suffer, or perform any act inconsistent therewith, we conclude that the proof undisputedly established the defense under consideration, and that the court erred in not sustaining the motion for a peremptory instruction and which conclusion, as we have said, eliminates the necessity of an attempt to dispose of the other grounds presented and argued in briefs.

Wherefore, for the reasons stated, the judgment is reversed, with directions to sustain the motion for a new trial and for proceedings consistent with this opinion. All other questions reserved.