## Johnson v. Byrne & Speed Coal Corporation.

(Decided Dec. 17, 1937.)

STEINFIELD & STEINFIELD for appellant.
CHARLES W. MORRIS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On February 12, 1936, Richard Huggins, Jr., an infant five years of age, was traveling at the intersection of Broadway and Twenty-First streets in the city of Louisville, Ky. A truck loaded with coal and belonging to Paul Huber collided with him and inflicted injuries to him, to recover for which his guardian, Ben J. Johnson, afterwards filed this action in the Jefferson circuit court against Huber and the owner of the coal with which the truck was loaded, which was the defendant and appellee, Byrne & Speed Coal Corporation. The truck was being driven at the time by Raymond Pryor, an employee of Huber. The petition alleged that Pryor, as driver of the truck, operated it in a grossly careless and negligent manner so as to produce and bring about the collision with and consequent injuries to the infant plaintiff as a proximate result thereof. Before trial Huber settled with the guardian and obtained from him a written receipt, the amount paid being $150. In it Huber denied liability and, in effect, said that the amount was paid for the purpose of buying his peace. It was stipulated therein that the right to proceed against the corporate defendant (appellee here) was reserved, and that the amount paid by Huber should not adversely affect that reserved right.

Appellee, as the only remaining defendant, answered the petition denying its affirmative allegations, and interposed some affirmative defenses, among which was that Huber was an independent contractor and operated his truck independent of any control of appellee, and that it was in nowise liable for any injuries produced by the truck, including those to the infant plaintiff as a basis of his suit. A reply completed the issues and upon trial plaintiff introduced no witnesses other than appellee's superintendent and manager, Huber, and his driver, Raymond Pryor, all of whom were necessarily witnesses for appellee, and especially so as to the relied on relationship of independent contractor. Plaintiff was not introduced as to the accident, or his injuries, or upon any issue of the case; nor

did any one testify in his behalf in regard to any such matters, since, we repeat, the testimony of plaintiff was directed exclusively to combating the defense of independent contractor. However, it was stipulated that plaintiff reserved the right to later try the case on the merits as presented by the issue of the negligent operation of the truck. At the close of the testimony, as so confined, the court sustained defendant's motion for a peremptory instruction in its favor based, of course, upon the ground that the court was of the opinion that the plea of independent contractor should be sustained. Following that verdict the court rendered judgment dismissing the petition, and complaining of it plaintiff prosecutes this appeal.

It will be seen that the case was tried by piecemeal, and which unquestionably could not receive the sanction of this court. It is moreover doubtful if parties, even by agreement, should be allowed to try their cases in that manner; but, since we have concluded that the court properly sustained the motion for a peremptory instruction on the ground upon which it was based, and that a later trial on the merits would be a futile performance, we have concluded to waive any question of improper practice and to dispose of the appeal upon the merits of the only question determined by the court below. Industrious counsel for plaintiff in their brief filed in this court have cataloged many cases from this and other courts which they claim sustain their contention that the proof heard at the trial negatived the defense of independent contractor relied on by appellee, and that the court erred in instructing the jury to the contrary. We have examined and carefully read the cases so cited and relied on by counsel, chief among which are, Sympson Brothers Coal Company v. Coomes, 248 Ky. 324, 58 S. W. (2d) 594, and Bowen v. Gradison Construction Company, 224 Ky. 427, 6 S. W. (2d) 481, and the same case in 236 Ky. 270, 32 S. W. (2d) 1014, 1015; but before discussing the law of the case the facts as disclosed by the testimony should be stated.

Appellee operated a coal yard in the city of Louisville, and delivered to its customers the coal as it was sold. It had a number of trucks of its own, but during rush seasons they were inadequate to supply the demand. Huber owned a truck which he operated with a hired driver, Raymond Pryor, and it was regularly en-

gaged in hauling garbage for the city of Louisville; but it was so operated for only three days in the week, leaving three days of each week that it was not so engaged and during which it would be employed in other services. He entered into a contract with appellee whereby it agreed to pay him 60 cents for each ton of coal that he would deliver to its customers, and the accident complained of in this action occurred on one of those days when Huber's truck was so employed. The manner in which that contract was carried out is thus shown by the testimony: Upon the yard of appellee the various kinds, grades, and character of coal were each classified and contained in separate bins. The driver of the Huber truck was informed by an employee of appellee the grade or character of coal to be loaded on the truck. He then filled his truck with that kind of coal and had it weighed, receiving a slip or certificate showing its weight. He was then given another slip showing the place to which the coal was to be delivered. The delivery was made in conformity with the notation on that slip. It was unloaded entirely by Huber's driver, or, if any additional help was needed, Huber furnished it. It is not shown that even any collection from the buyer was made for the coal by Huber's truck driver. The latter on behalf of his employer (Huber) was at liberty to haul one load or any number of loads per day, as he saw proper. All materials, such as gas, oil, and other things needed for the operation of the truck, were furnished exclusively by Huber. Appellee had no control whatsoever over either Huber or any servant in his employ, save and except to direct them to the bin from which the truck was to be loaded, and the place to which the coal was to be carried. There was an entire absence of any of the mollifying facts as set forth in our very recent case of Atlas Coal Company v. Bryant, 263 Ky. 626, 93 S. W. (2d) 5, in which we held that the relationship of independent contractor existed and in which we exonerated the employer of the truck from liability in that case, although the record therein contained facts (discussed in the opinion) more favorable to the contention of counsel for appellant than are found in this record.

Those facts as relied on in the Bryant case to defeat the defense of independent contractor are entirely absent from this one, and for which reason the testimony heard at the instant trial made out a stronger case

in support of the particular defense under consideration than did the testimony in that case. Counsel for plaintiff did not refer to the Bryant case in their original brief, but they did place great reliance on the Bowen, and Sympson Brothers cases, supra, together with others which they claim are pertinent. The Bryant case also referred to the Bowen and Sympson Brothers cases, and expressly held that the facts in them were not similar to those therein, nor are they similar to the facts in this one. The opinion in the last Bowen case, supra, expressly stated, in giving the facts: "The Gradison Construction Company directed the loading, unloading, and *operation* of this truck." (Our italics.) If the testimony in this case showed any such control by appellee over the Huber truck, we would have no hesitancy in reversing the judgment appealed from on this point, and the same is true with reference to the issue as presented in the Bryant opinion, wherein no such control was shown over the truck there involved by the appellant therein, Atlas Coal Company. It is the *absence* of such control that differentiates the Bryant case and this one from those relied on by plaintiff's counsel. It is true that in some of them the necessary "controlling" authority by the employer of the truck was expressly denied by witnesses, but other facts proven in the case were sufficient to submit the issue to the jury that tried them and which we would unhesitatingly approve in this case, *if* there were any facts or circumstances contradicting the express testimony heard at the trial.

It was pointed out in the Bryant opinion that under its facts (and the same is true under the facts of this case) there was a material distinction to be drawn between the Bowen case and the Sympson Brothers case, supra, and which distinction arose chiefly from the fact of *control* of the *operation* of the guilty vehicle by the one who had employed it. Therefore, we concluded in the Bryant opinion that its facts came within the rule announced in the cases of Jahn's Adm'r v. William H. McKnight & Company, 117 Ky. 655, 78 S. W. 862, 25 Ky. Law Rep. 1758, and Structure Oil Company v. Chambers, 208 Ky. 30, 270 S. W. 458. A reading of our opinions in those two cases, and our opinion in the Bryant case, will clearly demonstrate the principle upon which they rest, and will likewise point out the distinction between their facts and those in the cases cited

and relied on by appellant's counsel. We deem it unnecessary to repeat such information here, since it may be obtained by consulting those opinions, which are conclusive upon the only question involved on this appeal.

In a reply brief, after the attention of counsel for plaintiff had been called to the Bryant opinion by appellee's counsel, they attempt to differentiate the facts therein from those appearing in this case; but it is clear that the distinction they attempt to point out is unfounded. On the contrary, the facts in this case, we repeat, more clearly demonstrate the unqualified existence of the independent contract relationship relied on than was found to be true in the facts contained in the Bryant record. With such qualifying facts eliminated, as the instant record does, the defense under consideration became more firmly established.

Wherefore, for the reasons stated, the judgment is affirmed.