Ralph **TINDALL**, Administrator of the Estate of Frank E. Tindall et al.,
Appellants,

v.

**John PERRY et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 28, 1955.

Harold Y. Saunders, Shelbyville, for appellants.

James M. Graves, John G. Hicks, Woodward, Hobson & Fulton, Louisville, Kinsolving & Reasor, Bernard B. Davis, Shelbyville, for appellees.

CLAY, Commissioner.

In this negligence case, the single question involved is which of several defendants was the master of the servant driving a truck. On motions for summary judgment the trial court dismissed the plaintiffs' complaint as to all defendants except Webb Transfer Line, Inc. The plaintiffs appeal from this order of dismissal, but their position here is one of interested neutrality. All they want is at least one good solid defendant.

While transporting stone from the quarry of the Blanton Stone Company near Frankfort to a construction project of the Robinson Company, a truck owned by one Perry, rented by Webb Transfer Line, and driven by one Peyton, struck and killed the plaintiffs' decedents. It is admitted that Peyton was the agent of someone who would be responsible for his acts under the doctrine of respondeat superior.

Abbreviating the names of the companies, we find the following situation existed at the time of the accident. Blanton had a contract with Robinson to supply stone. Blanton employed Webb to haul the stone. Webb, being short of trucks, hired Perry's

truck with Peyton as the driver. Blanton paid Webb for all the stone hauled, including that in Perry's truck, and Webb paid Perry at so much per ton for the stone hauled in his truck. Perry paid Peyton's salary and furnished the gas and oil for the truck.

On the day of the accident an employee of Webb was at the Blanton stone quarry and he instructed Peyton where the stone was to be delivered. The former was described by witnesses as Webb's "foreman-in-charge".

■ We can dispose of several defendants in short order. Robinson had no actual or potential control of the hauling operation. Neither did Blanton. Blanton had employed Webb to do this job, and Webb was clearly an independent contractor as to Blanton. Webb's president, who negotiated the contract with Perry, was acting for his company and he personally was not a proper party defendant.

■ The real controversy is between Webb and Perry. Perry takes the position that he loaned Peyton to Webb for a special purpose, and that in the performance of his duties under the control of Webb the employee became the latter's servant and was so acting at the time of the accident. Perry principally relies upon Bowen v. Gradison Const. Co., 224 Ky. 427, 6 S.W.2d 481; and Bowen v. Gradison Const. Co., 236 Ky. 270, 32 S.W.2d 1014. In both of those cases it was recognized that the servant of one person may be loaned to another for a particular course of employment, and if the borrowed servant is under the control of such person, the borrower is responsible for his acts. It was pointed out in the second case cited that the truck and driver were hired as an entity, and the fact that the servant is selected, paid or may be discharged by the original employer is not material. It seems clear to us in the present case, as in the foregoing cases, that Webb had the actual and potential control of Perry's truck and driver, and Webb was responsible for the acts of this unit while performing Webb's work.

Webb principally relies on the case of Johnson v. Byrne & Speed Coal Corporation, 271 Ky. 216, 111 S.W.2d 671. In that case a coal company employed one Huber to haul coal for it. The coal company's employee selected the coal, loaded the truck, and told Huber's driver where the coal was to be delivered. It was held the driver was the servant of Huber and not of the coal company.

That case has no application to our principal question. The only controversy there was between the producer and the person who had been engaged to perform the act of transportation. The person who had been so employed as an independent contractor was attempting to shift his responsibility because of preliminary acts of control by the coal company. That case is only pertinent as between Blanton and Webb, and under its decision the responsibility for Peyton's acts would clearly be upon Webb.

We can find no basis for the contention that the responsibility assumed by Webb in its contract with Blanton can be shifted by Webb to Perry. The immediate, ultimate and residual control of this truck and its driver, or right of control, reposed in Webb. The general hauling operation was being conducted by it. Perry had nothing to do with this particular job. When Perry sent the truck to Webb he relinquished whatever control or right of control he may have had with respect to that day's activity. Neither Blanton nor Perry undertook to, or had the right to direct the use of the truck in the hauling operation. By a process of elimination, the residue of supervision reposed in Webb, and it was responsible for the acts of Peyton.

We deem it unnecessary to discuss additional cases cited by the parties in their excellant briefs. The trial court properly dismissed the plaintiffs' complaint as to all parties except Webb Transfer Line, Inc.

The judgment is affirmed.

MONTGOMERY, J., not sitting.