SIGMON IKERD COMPANY, Inc., Appellant,

v.

Sam NAPIER, Appellee.

Court of Appeals of Kentucky.

Nov. 30, 1956.

Rehearing Denied Feb. 15, 1957.

Lay & Knuckles and Grant F. Knuckles, Pineville, Robert L. Milby, Lexington, for appellant.

Helton & Helton, Pineville, for appellee.

SIMS, Judge.

The question on this appeal is whether Sam Napier was an employee of the Sigmon Ikerd Company, or an independent contractor, on August 25, 1954.

Napier urges that he was an employee of the defendant company on the occasion when he was injured, and consequently entitled to compensation benefits since the company was operating under the provisions of the Workmen's Compensation Act. KRS, Chapter 342. The company contends that Napier was an independent contractor, and therefore, not entitled to the benefits sought.

The Workmen's Compensation Board decided that Napier was an independent contractor, and entered an order dismissing the application for compensation. However, the circuit court held that Napier was an employee of the defendant company and entered judgment directing the board to enter an award. The company has appealed.

The defendant company was engaged in stripping coal under a contract which required delivery of the coal at certain specified ramps and was paid a certain price per ton. The defendant entered into an arrangement with Napier and other truckers whereby they would furnish trucks to transport the coal. Napier either drove his truck or furnished a driver, and paid all expenses incurred in the operation of his truck. The defendant paid Napier on the tonnage basis for coal trucked to the place directed by the defendant. The defendant had the right to terminate the arrangement at any time and to choose the place where the trucks would be loaded and unloaded. Napier had no particular time to go to work, was under no obligation to haul any certain amount of coal and had no other duties to perform for the defendant.

The defendant did not withhold any taxes from the sums paid the owners of trucks, nor did it file social security reports concerning them. Napier concedes that he listed himself as a self-employed truck-owner and operator on his 1953 income tax return; that he deducted as an item of expense the salaries paid his drivers; that he filed social security reports concerning them, and paid his own social security as a self-employed person.

The accident and injury complained of by Napier occurred on August 25, 1954, while he was driving his truck, hauling coal, over defendant's privately maintained road from defendant's strip operation at Greasy Creek to a conveyor. Enroute, the brakes on his truck failed to work, causing the truck to go out of control and wreck. As a result, Napier sustained severe injuries, for which he now seeks compensation from the defendant.

As we view the case, Napier has failed to prove that he was an employee of the defendant. The proof shows that Napier entered into an agreement with defendant to furnish a truck to haul coal. While many details of their agreement are indefinite, Napier concedes that he was to be paid for the use of his truck on the tonnage basis; that he was to employ and pay the driver of his truck; and, that he was to pay all expenses incurred in the operation of his truck, which included such items as gasoline, oil, and repair.

From the proven facts we are constrained to conclude that Napier was not an employee of the defendant, but was an independent contractor at the time he sustained his accident and injury. See, Johnson v. Byrne & Speed Coal Corp., 271 Ky. 216, 111 S.W.2d 671.

The judgment is reversed with directions to enter a judgment upholding the order of the Workmen's Compensation Board dismissing Napier's application for compensation benefits.