**CUTSHIN COAL COMPANY et al.,**
**Appellants,**

**v.**

**Lillie CAMPBELL et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 25, 1957.

Rehearing Denied Feb. 7, 1958.

J. W. Craft, Jr., Craft & Stanfill, Hazard, for appellants.

Maxwell P. Barret, Hazard, for appellees.

CLAY, Commissioner.

This is a workmen's compensation case involving the sole question of whether or not the deceased was an employee of appellant. The referee, the Board and the circuit court decided that he was.

The deceased was engaged to haul coal for appellant from its mine to the tipple. He owned his own truck, paid his own expenses and was compensated at the rate of 75 cents per ton. No social security or unemployment taxes were deducted from his compensation, but he had been advised by a company official that he was covered by workmen's compensation, and in the month in which he was killed he was reported by appellant as an employee and an insurance premium paid on such coverage.

Appellant relies principally on Johnson v. Byrne & Speed Coal Corporation, 271 Ky. 216, 111 S.W.2d 671. The distinguishing features in that case were that the owner of the truck was engaged in an independent and entirely separate hauling business, and he exercised his own discretion with re-

spect to the services he would perform for the coal company. In the present case the deceased, while he could have furnished services to others when the mine was shut down, had been regularly employed by appellant for seven years.

We think the principles announced in Brewer v. Millich, Ky., 276 S.W.2d 12, and Partin-Lambdin Lumber Co. v. Frazier, Ky., 308 S.W.2d 792 are controlling here. In the latter case we said:

"It is clear to us that the deceased was not engaged in an independent occupation of furnishing a specialized service to produce a pre-determined result, but that he worked regularly for appellant under continuing and changing instructions in the performance of daily work that was an integral part of appellant's business."

While it is not necessary to decide this case on the principle of estoppel, the fact that the deceased was advised by appellant that he was covered by workmen's compensation is an important element in determining whether or not the parties considered that an employer-employee relationship existed.

Though not cited by appellant, we have considered Hacker v. Hacker, Ky., 296 S.W.2d 713, and Sigmon Ikerd Co., Inc., v. Napier, Ky., 297 S.W.2d 917, two recent cases involving the issue we have before us in which we confirmed the Board's finding that an independent contractor relationship existed. While the facts in those cases are somewhat similar to those we have under consideration, the principal distinguishing features are: (1) the trucker was engaged in an independent business, (2) the Board found the claimant was not an employee, and (3) the element of estoppel was not present.

The finding of the Board was justified, and the judgment confirming the award was correct.

The judgment is affirmed.