**BIG DOUBLES COAL COMPANY,**
Appellant,

v.

**Joe BATES and Workmen's Compensation
Board of Kentucky, Appellees.**

Court of Appeals of Kentucky.

Nov. 21, 1969.

Richard D. Cooper, Reeves, Barret, Cooper & Ward, Hazard, for appellant.

Cordell H. Martin, Hindman, for appellees.

CLAY, Commissioner.

In this workmen's compensation case appellee's claim was dismissed by the Workmen's Compensation Board on the ground that appellee was not an employee of appellant but was an independent contractor. On appeal the circuit court reversed the Board.

Appellant was in the coal mining business. Appellee conducted several independent enterprises, on his own initiative, including carpentry work, sawing logs and making mine props. By oral agreement appellee was engaged to furnish appellant 6,000 mine props at 12 cents each. Where they were to be produced or procured was not specified. The props appellee furnished to appellant were cut on his own land, where the injury was sustained. Appellee owned his own tools, determined his own work schedule, employed others to help him and paid for transportation. He supplied mine props to other mines in the area. In making payment for props received, appellant did not withhold any amounts for social security, unemployment insurance or income taxes. There was no time limit fixed for the furnishing of these timbers.

From a recitation of the above facts it is difficult to find a single element which

would create the employer-employee relationship. See Johnson v. Byrne & Speed Coal Corporation, 271 Ky. 216, 111 S.W. 2d 671 (1937), and Ratliff v. Redmon, Ky., 396 S.W.2d 320 (1965). By any standard appellee was an independent contractor.

Appellee relies on Brewer v. Millich, Ky., 276 S.W.2d 12 (1955), and Partin-Lambdin Lumber Company v. Frazier, Ky., 308 S.W. 2d 792 (1958). Among the many distinguishing features of those cases were: the work the employee was hired to do was the principal business of the employer; the employer exercised control of the details of the work; and the employer treated the hired person as an employee. The facts found by the Board (which appellee says are substantially undisputed) lead inevitably to the conclusion (be it one of fact or law) that appellee was an independent contractor.

The judgment is reversed, with directions to reinstate the order of the Workmen's Compensation Board.

All concur.