COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Fred J. SPILLMAN et al., Appellees.

Court of Appeals of Kentucky.

Jan. 19, 1973.

Don Duff, Gen. Counsel, Dept. of Highways, Frankfort, John J. Blackburn, Covington, Thomas F. Manby, Jr., LaGrange, for appellant.

John M. Berry, Jr., Berry & Floyd, Carrollton, for appellees.

STEINFELD, Justice.

For the purpose of acquiring a right of way for the construction and relocation of already existing U.S. Highway No. 227, the Commonwealth condemned in fee some land owned by appellees and a temporary easement over another tract. The total award in the county court was $7,000, from which all parties appealed. The trial in the circuit court resulted in a jury-considered verdict awarding the owners $6,400 for damages for the land taken in fee and a directed verdict allowing $3,600 for the temporary easement. From a judgment entered thereon the Commonwealth appeals. We affirm.

Prior to the time the land was taken the Spillmans owned 32,198 square feet of commercial property adjacent to and level with the highway. There they operated a general lumber business, including retail sales. The land fronted the road for approximately 100 feet and had a depth of about 300 feet. It was improved by an en-

trance roadway near the center, various buildings and the usual facilities of such a business.

The Commonwealth attacks the amount adjudged for the temporary easement solely on the ground that the trial court admitted irrelevant testimony resulting in an excessive amount being determined as its rental value. It complains that witnesses Gerald Deatherage and Perry Stafford considered items of damages to which the Spillmans were not entitled for the temporary use of a part of their land. The appellees respond that we may not consider this claim because there was no objection to the testimony of witness Deatherage, who testified before Stafford, and no motion for it to be struck. They say that it alone supports the verdict on the value of the temporary easement. The Commonwealth states in its brief that timely objection was made. We have examined the transcript of evidence and find there was no objection to the testimony of witness Deatherage but that an objection was made and overruled to the testimony of witness Stafford.

There having been no objection or motion to strike, the protest regarding the evidence produced by the witness Deatherage shall not be considered. Fentress v. Hardin's Adm'x, Ky., 273 S.W.2d 575 (1954); Com., Department of Highways v. Tyree, Ky., 365 S.W.2d 472 (1963). The failure to object was a waiver. Sympson Bros. Coal Co. v. Coomes, 248 Ky. 324, 58 S.W.2d 594 (1933). Even if there was error (which we have not considered) in overruling the objection to Stafford's testimony, it was not prejudicial as the uncontradicted testimony of Deatherage authorized the verdict and judgment fixing the value of the temporary easement. Hall v. Banks, Ky., 395 S.W.2d 776 (1965). Cf. Burke v. Tackett, 313 Ky. 583, 233 S.W.2d 115 (1950); 88 C.J.S. Trial § 150, p. 294; McCormick's Handbook of the Law of Evidence, p. 128, § 55, 2d Ed., 1972. The Commonwealth produced no admissible testimony showing a different value. The judgment as to the easement must stand.

The witnesses on the subject of values testified as follows:

| | FOR APPELLANT | | FOR APPELLEES | |
| --- | --- | --- | --- | --- |
| | Snyder | McMullan | Deatherage | Stafford |
| BEFORE | $33,750 | $34,000 | $48,000.00 | $46,000 |
| AFTER | 33,100 | 33,360 | 28,777.60 | 29,000 |
| DIFFERENCE | 650 | 640 | 19,222.40 | 17,000 |
| TEMPORARY EASEMENT | 70 | 70 | 3,600 | 3,600 |

In reaching its verdict, the jury found that before any land was taken the entire tract was worth $37,000 and after part of the property was taken the remainder was worth $30,600. It therefore awarded $6,400.

In its assault on the award for loss brought about by the permanent taking of part of the land, the Commonwealth says that witness Deatherage based his appraisal on improper and noncompensable items. Because no objection or motion to strike this testimony was made, this contention for reversal is without merit. Com., Department of Highways v. Tyree, Ky., 365 S.W.2d 472 (1963). Stafford's evidence, which was objected to, was substantially the same as that of Deatherage. Stafford considered that the access was not as good, the rearrangement and elevation of the road made the property harder to locate and parking area on the Spillman land was lost, all of which factors adversely affected the location for business purposes. The Commonwealth claims that this evidence relates to loss of business and was inadmis-

sible under our holdings in such cases as Com., Department of Highways v. Eubank, Ky., 369 S.W.2d 15 (1963). It appears that the admission of part of Stafford's testimony may have violated the rule announced in Com., Department of Highways v. Diuguid, Ky., 469 S.W.2d 707 (1971); however, since it was cumulative of the non-objected-to evidence of Deatherage on the same subjects, the error, if any, as hereinbefore stated, was not prejudicial.

Next the Commonwealth charges that "The before values of the expert witnesses for the landowners were not based on comparables in the area of the property taken." This we have held to be unnecessary. Com., Department of Highways v. Ward, Ky., 461 S.W.2d 380 (1970).

The Commonwealth argues that the $6,400 award was excessive and was not supported by evidence of probative value. It calls our attention to Com., Department of Highways v. Gearhart, Ky., 383 S.W.2d 922 (1964); Com., Department of Highways v. Tyree, Ky., 365 S.W.2d 472 (1963); and Com., Department of Highways v. George, Ky., 387 S.W.2d 580 (1965). It notes, however, that "the jury award . . . was within the range of the proof offered by the landowners' experts." We said in Gearhart that although the verdict was within that range we could examine it to determine whether it was palpably excessive and properly supported by the evidence. Tyree commented on the use of improper factors. George discussed our duty to uphold or reject a judgment. We have already rejected the claim of error in the use of improper factors by the valuation witnesses. We do not find the verdict either unsupported or palpably excessive.

The instructions followed the same pattern as in Com., Department of Highways v. Spillman, et al (# F–231–70), Ky., 489 S.W.2d 811, this day decided, but did not comply with the rule stated in Com., Department of Highways v. Priest, Ky., 387 S.W.2d 302 (1965). We hold here, as we

did in # F–231–70, that the failure to follow the Priest rule was not prejudicial.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN and STEPHENSON, JJ., concur.

REED and OSBORNE, JJ., concur in result only.