CASE 77—ACTION BY ALBERT JAHN'S ADMR. AGAINST WILLIAM H.
   McKNIGHT & Co. FOR CAUSING THE DEATH OF PLAINTIFF'S INTES-
   TATE.—FEB. 17.

# Jahn's Admr. v. Wm. H. McKnight & Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS.    AFFIRMED.

MASTER AND SERVANT—TORTS OF SERVANT—INDEPENDENT CONTRACTOR.

Held:   1. When the proprietor of a store gave a certain sum per
   week to one who, in consideration therefor, delivered the goods
   sold by said proprietor, and such persons used his own horses
   and wagon in making the delivery, and employed a driver, over
   whom the proprietor had no control, and no right to discharge,
   the driver was not the servant of the proprietor, and he was not
   liable for the negligent act of the driver, causing the death of
   plaintiff's decedent.

O'NEAL & O'NEAL, FOR APPELLANT.

## POINTS.

1. The team owner was not an independent contractor.

2. Whatever may have been the relation between the appellee and the team *owner*, the relation between appellee and the team *driver* was such as to render appellee liable for the team *driver's* negligence.

3. In any event, the lower court erred in giving a peremptory instruction to find for appellee.

## AUTHORITIES.

Am. & Eng. Ency. of Law, 2d ed., vol. 16, pp. 187, 190, 191; Jenson v. Barbour, 15 Mont., 582; Montgomery Gas Light Co. v. Montgomery & E. Ry. Co., 86 Ala., 372; Campbell v. Lunsford, 83 Ala., 512; Linehan v. Rollins, 137 Mass., 123; Thompson on Negligence, vol. 1, p. 579; Alyell v. Tyrer, El. Bl., 906; Blake v. Thirst, 2d H. & C., 20; Texas, &c. R. R. Co. v. Juneman, 71 Fed. Rep., 939; Tiffin v. McCormick, 34 Ohio St., 638; Waters v. Pioneer Fuel Co., 52 Minn., 474; Phila W. & B. Ry. Co. v. Hahn, 12 Atl., 479; Thompson on Negligence, vol. 1, sec. 579, p. 537; Kimball v. Cushman, 103 Mass., 194; Adams Express Co. v. Schofield, 23 Ky. Law Rep., 1120; Southern Express Co. v. Brown, 67 Miss., 260; Vary v. Ry. Co., 42 Ia., 246; Wichtrecht v. Fasnacht, 17 La. Ann., 166; L. & N. R. R. Co. v. Tow, &c., 23 Ky. Law Rep., 408; Rait v. New Eng. Fur. &c., 66 Minn., 76; Barg v. Bousfield, 65 Minn., 355; Sullivan v. Dunham, 35 N. Y. App. Div., 342; Hart v. Ryan, 6 N. Y. Supp., 921; Brophy v. Bartlett, 108 N. Y., 632.

KOHN, BAIRD & SPINDLE, AND STANLEY E. SLOSS, ATTORNEYS FOR APPELLEE.

## POINTS AND AUTHORITIES.

1. Appellees are merchants, having no delivery wagons; they contracted with Granville Hooper to furnish them a horse, wagon and driver to carry and deliver as much as could be done with one team, for a stipulated price per week. By the contract Granville Hooper selected the horse and driver, retained exclusive control, paid his driver, was the only person who could discharge or give orders to his driver, paid expenses of maintaining team. Granville Hooper did not drive for appellees, except occasionally, but did other work, furnishing his

Jahn's Admr. v. Wm. H. McKnight & Co.

son, John Hooper, as driver. Granville Hooper was free to send other persons with this team in spare time, and did so occasionally. Appellees, under contract, had no right to control John Hooper in the means of doing work, did not pay him and could not discharge him. The horse was old and gentle. John Hooper left it untied one day, backed to curbing, while he went fifteen feet away into the store for parcels; the horse was frightened by a drove of hogs and ran away, killing appellant's infant son.

John Hooper was the servant of Granville Hooper. Granville Hooper was independent contractor with appellees. Neither was the servant of appellees, and appellees are not liable. 16 Am. & Eng. Ency. of Law, 2d ed., 192, 187, 196; De Forrest v. Wright, 2 Mich., 368; 1 Shearman & Redfield on Negligence, secs. 160, 162, 164, 165, 168; Robinson v. Webb, 11 Bush, 464; 1 Thompson's Com. on Neg., secs. 621-2, 638, 629, 579, 549, 631, 581; Salliotte v. King Bridge, &c. Co., 122 Fed., 378; The Slingsby, 120 Fed., 748-753; Covington v. Geyler, 93 Ky., 275; Straus v. City of Louisville, 108 Ky., 155; Cen. Coal & Iron Co. v. Grider's Admr., 25 Ky. Law Rep., 165; Hall v. Concord, 57 Atl., 864-7; Dutton v. Amesbury Bank, 63 N. E., 405-6; Murray v. Dwight, 161 N. Y., 301-55 N. E., 901-8; Lewis v. Long Island, 56 N. E., 548; Little v. Hackett, 116 U. S., 581.

2. Cases identical in their facts with case at bar. Reidel v. Moran, 103 Mich., 362, 61 N. W., 509; Fink v. Mo. Furn. Co., 82 Mo., 225; Driscoll v. Towle, 63 N. E., 922; Reagan v. Casey, 160 Mass., 374, 36 N. E., 58; Joslyn v. Grand Rapids Ice Co., 50 Mich., 576, 15 N. W., 887; Wadsworth-Howland Co. v. Foster, 50 Ill. Apps., 514; Foster v. Wadsworth-Howland Co., 68 Ill. Apps., 600, 168 Ill., 514, 48 N. E., 163; Wood v. Cobb, 13 Allen, 58.

3. In the absence of any evidence that John Hooper was a servant of appellees, a peremptory instruction was proper. 1 Thompson on Neg., sec. 640; Lewis v. Long Island Ry., 56 N. E., 548; Reidel v. Moran, 61 N. W., 509; Wadsworth v. Foster, 50 Ill. Apps., 515; Foster v. Wadsworth, 168 Ill., 514, 48 N. E., 163.

4. It was not *per se* negligence to leave an old, gentle horse untied while not more than fifteen feet away, in the absence of evidence of circumstances rendering it negligent. Dolfinger v. Fishback, 12 Bush, 474-9; Potter v. N. Y. Cen., 48 N. Y. Supp., 446; Warner v. R. R. Co., 80 N. Y., 212.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

Albert Jahn, a messenger boy for the Western Union Telegraph Company, 15 years old, while riding his bicycle on Main street, between Third and Fourth, in Louisville, Ky., was struck and instantly killed by a delivery wagon drawn by a runaway horse that had become frightened at a passing drove of hogs during the absence of his driver, who had gone inside of a store for the purpose of delivering certain packages, leaving the horse unhitched and unattended. The petition alleges that the horse and wagon which caused the death of plaintiff's intestate was in the employ of W. H. McKnight & Co., at the time of the accident, and that the death of the boy was caused by the gross negligence of John Thomas Hooper, the driver, in leaving the horse unhitched and unattended, who, it is alleged, was a servant of appellee. In the second paragraph of the answer the defendants deny that John Thomas Hooper was in their employ at the time of the runaway, or that either the horse or wagon was their property or under their dominion or control, and allege that the delivery wagon and horse belonged to Granville Hooper, who carried on an independent hauling and delivery business in the city of Louisville; that for some time prior to the accident Granville Hooper, by contract with them, delivered packages of goods to their customers in the city of Louisville at an agreed price per week; that they had no interest in or control over the manner or means by which this was accomplished; that Hooper had full power and authority to select such means to accomplish this end as he saw fit, and was an independent contractor, and not a servant. At the conclusion of plaintiff's testimony the trial court directed a verdict for the defendants, to which plaintiff excepted, and has appealed. The only question for decision is whether

there was any evidence that John Thomas Hooper was defendants' servant at the time of the accident.

Upon the trial Granville Hooper was called as a witness by the plaintiff, and testified that at the time of the accident he carried on a hauling and delivery business in the city of Louisville; that he also ran a stone quarry and delivered stone for building foundations for houses, and operated two wagons and teams in this business; that he also had a contract with defendants to deliver packages to their customers in a one horse delivery wagon at the price of $18 per week; that if they had more work in this line than the one-horse delivery wagon could perform that he furnished extra teams and received extra pay for it, or they would call in other wagons to do it; that if defendants did not need the services of his wagon and driver at any time he was at liberty to haul for any one else; that usually his delivery wagon would call at the store of defendants some time in the morning from 7 to 9 o'clock to see if they had any packages to deliver; that if there were any he always found them piled up in the front part of the store, addressed to the person for whom they were intended; that the wagon and horse were his property; that he hired the driver and paid all necessary expenses for running the wagon; that the defendants under their contract with him had no right to employ or discharge the driver, or to direct how or in what manner his work should be done; that the driver of the wagon was in his service, and not in that of the defendants.

Thompson on Negligence says:

"Section 621.  It is a general rule that one who has contracted with a competent and fit person, exercising an independent employment, to do a piece of work, not in itself unlawful, or of such nature that it is likely to become a

nuisance, or to subject third persons to unusual danger, according to the contractor's methods, and without being subject to control except as to the result of his work, and subject to other qualifications hereafter stated, will not be answerable for the wrongs of such contractor, his subcontractors, or his servants, committed in the prosecution of such work.

"Section 622. An independent contractor, within the meaning of this rule, is one who renders service in the course of an occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished. The contractor must answer for his own wrongs and the wrongs committed in the course of the work by his servants."

"Section 638. One who, under a public license, exercises a certain employment on behalf of any member of the public who may hire him, such as a licensed public drayman, does not stand in the relation of servant of one who may hire him to do a particular job, such as he is licensed to do, but he is deemed an independent contractor, within the meaning of subdivision 11."

Shearman and Redfield on Negligence, section 164, defines an independent contractor as follows: "Although in a general sense every person who enters into a contract may be called a contractor, yet that word, for want of a better one, has come to be used with special reference to a person who, in the pursuit of an independent business, undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to their control in respect to all its details. The true test of a contractor would seem to be that he renders service in the course of an independent occupation, representing the will

of his employer only as to the result of his work, and not as the means by which it is accomplished."

In Robinson, etc. v. Webb, 74 Ky., 464, it was decided that, in order that the relation of master and servant should exist, the parties sought to be charged as master must have the right to control the person with whose negligence it is sought to charge him.

"He is deemed to be the master who has the supreme choice, control, and direction of the servant, and whose will the servant represents, not merely in the ultimate results of the work, but in all the details."

In Driscoll v. Towle, decided by the Supreme Court of Massachusetts (63 N. E. 922), the court had before it the same question involved upon this appeal. In that case the defendant was engaged in a general teaming business, owned the horse and wagon driven by K., employed K., and paid him his wages. The defendant contracted with another company to do its hauling, and K. reported each morning with the horse and wagon at the office of the company, and was thereafter engaged in carrying out the orders of that company's foreman. K. had exclusive control of the management of the horse and wagon, chose his own route, harnessed and unharnessed the horse, and at night returned it to the defendant's stable. It was held, in an action for injuries to a person in the street by being struck by such horse and wagon while driven by K. in performing the orders of such company, that the evidence was sufficient to authorize a finding that K. was the servant of the defendant, and not of the company. In discussing the case, Chief Justice Holmes said: "In cases like the present there is a general consensus of authority that although a driver may be ordered by those who have dealt with his master to go to this place or to that, to take this or that burden, to

hurry or to take his time, nevertheless, in respect to the manner of his driving and the control of his horse, he remains subject to no orders but those of the man who pays him. Therefore he can make no one else liable, if he negligently runs a person down in the street." In this case appellee exercised no control over the driver of this wagon. They did not employ or pay him, had no right to discharge or to direct in any manner how his work should be done, further than that the packages should be promptly delivered to the addressee. Under this state of fact the driver of the wagon was not the servant of appellee, and consequently there could be no liability on their part for his negligence. We therefore conclude that the instruction of the trial court to find for the defendant was not error. This conclusion is not in conflict with the opinion in Adams Express Co. v. Schofield (23 R., 1120) 64 S. W., 903. In that case the alleged independent contractor was the sole representative of the defendant at Shelbyville, and in complete charge of all its business at that point, and subject to its orders.

Judgment affirmed.