## See v. Leidecker.

(Decided March 12, 1913.)

### Appeal from Lawrence Circuit Court.

1. **Master and Servant—Independent Contractor—Who Is and Not A Servant.**—The rule is that one who contracts to do a specific piece of work, furnishing his own assistants, and executing the work entirely in accordance with his own ideas, or in accordance with a plan previously given to him by the person for whom

the work is done, without being subject to the orders of the latter in respect to the details of the work, is an independent contractor, and not a servant.

2. Master and Servant—Independent Contractor—Who Is, and Not A Servant—Negligence.—A teamster, owning his team and employing his own assistants, who contracted to haul a boiler from a railway station to a point several miles distant, and who is injured while unloading the boiler, is an independent contractor, and not the servant of the owner of the boiler, who was present and directing where the boiler should be unloaded.

C. F. SEE, Jr., W. D. O'NEAL, JR. and CLYDE L. MILLER for appellant.

M. S. BURNS for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

This is the second appeal of this action. Upon the first appeal, which is reported in 142 Ky., 752, we held the petition as amended stated a cause of action, and reversed the action for further proceedings.

Upon the return of the case an answer was filed, which traversed the allegations of the petition, and interposed a plea of contributory negligence upon the part of the plaintiff. A trial was had, and at the end of appellant's proof, the court sustained appellee's motion to peremptorily instruct the jury to find for the defendant; and, from a judgment in accordance with that verdict, the plaintiff prosecutes this appeal.

The petition is drawn upon the theory that the relation of master and servant existed between Leidecker and See, and that Leidecker had failed to furnish See a safe place in which to work.

It was the strength of the petition in this respect that warranted the reversal upon the first appeal.

Briefly stated, the evidence showed the following state of facts: See is a farmer, who owned an ox team, with which he frequently did heavy hauling. Leidecker employed See to haul a heavy boiler from the railroad station to a point several miles distant, where Leidecker was preparing to bore a well for oil. See went to the railroad station with his team and hands, loaded the boiler onto his wagon, and hauled it to the place of delivery, which he reached about dark. He left the wagon standing with the boiler upon it until the next morning, when he and his men met Leidecker at the wagon for the purpose of unloading the boiler. As Leidecker wanted the boiler un-

loaded at a particular place, and set in a particular way, he gave directions to See accordingly. They had taken the boiler partly off the wagon, and were preparing to pull it entirely off with a block and tackle. For the purpose of holding the boiler, or as a means for pulling it off the wagon, Leidecker directed See to put a chain around the boiler, and for the purpose of connecting it, he told See to pass the chain under the boiler and hand it up on the other side. In doing this See went under the boiler and put his head between the boiler and the coupling pole, and immediately after he had done so, the boiler toppled over toward the opposite side, catching or striking See's head, and badly mashing it. Under that state of facts, the circuit court concluded that the relation of master and servant did not exist, and that See received his injuries through his own negligence.

We think there can be no doubt as to the correctness of this ruling. The rule is that one who contracts to do a specific piece of work, furnishing his own assistants, and executing the work entirely in accordance with his own ideas, or in accordance with a plan previously given to him by the person for whom the work is done, without being subject to the orders of the latter in respect to the details of the work, is an independent contractor, and not a servant. 26 Cyc, 970.

The petition stated that See had hired his team and wagon to Leidecker, who was in full charge of them, and that See was in Leidecker's service, thus making the averments of the petition strong enough to bring the case within the principles governing a case of master and servant. The proof, however, does not sustain the petition in this respect, since it clearly shows that See was an independent contractor, using his own teams and men, in a single employment, and for a single compensation. His contract bound him to haul the boiler from the railroad station, the exact spot of delivery to be designated by Leidecker. It was proper for Leidecker to give directions for the location of a heavy piece of machinery, and his acts in that connection were no more than would be expected of any owner in directing the delivery of goods of that character.

Furthermore, there is evidence tending to show that in backing the oxen attached to the wagon, they shook the fore-carriage of the wagon so as to cause the boiler to topple over, thereby causing See's injuries. In any event, the danger of going under the boiler and placing

his body between it and the coupling pole was evident to any person of ordinary intelligence; and, in going there as he did, See's own negligence directly contributed to his injuries.

Judgment affirmed.