# Kentucky & West Virginia Gas Company v. Wireman.

(Decided November 6, 1931.)

JOSEPH D. HARKINS for appellant.

J. B. CLARKE for appellee.

OPINION OF THE COURT BY JUDGE BRATCHER—Affirming.

On the 29th day of October, 1929, the appellee, Goebel Wireman, while driving a team in the employment of Kentucky & West Virginia Gas Company, received an injury to his right eye which resulted in the total loss of sight in that eye. The Kentucky & West Virginia Gas Company was operating under the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.). In January following the injury, an application for adjustment was made to the Workmen's Compensation Board, the case was set for a hearing, proof was taken, and the case submitted. On the 2nd day of September, 1930, the board award him compensation for one hundred weeks at $12 per week, with interest on past-due payments. The appellant filed a motion for a full board review of this award, which was sustained, and on the 21st day of October, 1930, the full board entered an order

sustaining the award entered in September. Thereupon the appellant filed a petition in the Floyd circuit court for a review by the court of the board's award. This action was submitted to the court for judgment, and on December 23, 1930, the court entered a judgment dismissing the appellant's petition for review, and sustained the award of the board. The Kentucky & West Virginia Gas Company has appealed.

The only question before this court for determination by the appeal is, Did the relation of master and servant exist between the appellant, Kentucky & West Virginia Gas Company, and the appellee, Goebel Wireman? The facts of his employment are briefly stated to be as follows: The appellee, Wireman, was driving a team owned by Jake Bradley. The team had been hired to the appellant gas company by Ed Bradley, a son of the owner. The appellee, Wireman, was furnished with the team as driver. The team and driver reported to the gas company's team foreman, Charley Conley, and was directed as to the work. At the time of the injury, Wireman was hauling eight-inch casings for the gas company upon some of its property or leases that were in operation in Floyd county. In hauling this casing around a fence, the appellee, to control his team, states that he was using the whip when a particle of the whip broke off and passed through the upper eyelid and into the eyeball, from which injury he lost the sight of that eye. He testifies that all the time he worked for the gas company, which was for several weeks prior to the injury complained of, he was at all times under the direction, and in the immediate employment, of the gas company. He states that he reported to their team foreman at their office for instructions; that he had at all times worked under the immediate and direct instructions of the gas company's foreman. The team foreman, Mr. Charlie Conley, testified as follows:

"Q. Now who did Mr. Wireman report to there to find out what to do and how to do it? A. Well, he come to me in the office every morning and asked me what to do and I would tell him.

"Q. You directed him where to go and what to do? A. I would.

"Q. Did Mr. Bradley have anything to do with the manner in which that work was to be done there other than as you directed? A. No, sir. Of course

he was owner of the team and if we had asked him to load the wagon too heavy, more than they could pull, he could have refused to let them work on the job.

"Q. Did he have anything else to do with the job other than that? A. No, sir, I told him what to do and he went ahead and done what I told him to.

"Q. And Mr. Wireman with his team did the same thing? A. Yes, sir. . . .

"Q. Then, as I understand you, you had complete control over the way and manner in which all of that work was to be done? A. Yes, sir.

"Q. If any team or driver on that job failed to follow your instructions or orders in the way and manner in which the work was to be done, who had the power to discharge them? A. I did."

It is contended by the appellant that, at the time the injury was sustained by the appellee, Wireman was in the employment of Ed Bradley, and that Ed Bradley was an independent contractor; hence the relation of master and servant did not exist betwen the appellant gas company and appellee, Wireman. From the evidence it appears that this team was hired to the gas company by Ed Bradley; in fact, both team and driver were hired by him to the company. After this employment was completed, full control and direction of both team and driver passed from Bradley, and that function thereafter was exclusively in the scope and privilege of the gas company and its foreman. In the case of Mason & Hoge Co. v. Highland (Ky.), 116 S. W. 320, 322, it is said:

"It is not always an easy matter to determine from the character of the contract whether the contractor is an independent contractor within the usually accepted meaning of the term, or whether he is, in fact, a servant occupying the position of general manager or supervisor for his employer. A satisfactory test in determining this qestion has been said to be: Who has the general control of the work? Who has the right to direct what shall be done, who shall do it, and how it shall be done? If the answer to these queries shows that this right remains in the employer, the relation of independent contractor does not exist between the contractor and the employer."

It is clear that, in cases where the right to direct the work and the manner of its performance remains in the employer, the relation of independent contractor does not exist and the relation of master and servant arises. Madisonville, H. & E. R. Co. v. Owen, 147 Ky. 1, 143 S. W. 421; Louisville & N. R. Co. v. Newland, 176 Ky. 166, 195 S. W. 415, 417; Wright v. Wilkins, 222 Ky. 144, 300 S. W. 342; Ballard & Ballard Co. v. Lee's Administrator, 131 Ky. 412, 115 S. W. 732; Pine Mountain R. Co. v. Finley (Ky.), 117 S. W. 413; Jann's Administrator v. Wm. H. McKnight & Co., 117 Ky. 655, 78 S. W. 862, 25 Ky. Law Rep. 1758; Louisville & N. R. Co. v. Smith's Adm'r, 134 Ky. 47, 119 S. W. 241.

In the case of Louisville & N. R. Co. v. Newland, supra, the court states the rule to be:

"That one who contracts to do a specific piece of work, furnishing his own assistants, and executing the work entirely in accordance with his own ideas, or in accordance with a plan previously given to him by the person for whom the work is done, without being subject to the orders of the latter in respect to the details of the work, is an independent contractor, and not a servant. See v. Leidecker, 152 Ky. 724, 154 S. W. 10. On the other hand, the relation of master and servant exists whenever the employer retains the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or, in other words, 'not only what shall be done, but how it shall be done'. Singer Mfg. Co. v. Rahn, 132 U. S. 518, 10 S. Ct. 175, 33 L. Ed. 440; Williams v. National Cash Register Co., 157 Ky. 836, 164 S. W. 112."

In the recent case of Bowen v. Gradison Construction Co., 236 Ky. 270, 32 S. W. (2d) 1014, 1017, on the question as to whether the relation of master and servant exists between employer and employee, this court said:

"The power of an employer to terminate the employment at any time is incompatible with the full control of the work that is usually enjoyed by an independent contractor. The master is he who can say to the servant, 'Go' and he goeth, 'Come' and he cometh, or 'do this' and he doeth it. Who has power to say, 'Do this first', 'Do it this way', 'Do not do that', 'Hurry up', or otherwise direct the details

of the manner of) its doing? Whose work was being done? When we find that party, we have found the master.''

When we measure the proved facts in this case by the rule laid down by the authorities above cited, we are content to announce that we have found the relation of master and servant to exist, and, since this was the finding of the Workmen's Compensation Board and the circuit court, the judgment is therefore affirmed.