**KENTUCKY COTTAGE INDUSTRIES, Inc.,
v. GLENN, Collector of Internal
Revenue.**

No. 89.

District Court, W. D. Kentucky.

June 23, 1941.

Allen P. Dodd, and Dodd & Dodd, all of Louisville, Ky., for plaintiff.

Eli H. Brown, III, U. S. Atty., of Louisville, Ky., for defendants.

MILLER, District Judge.

The plaintiff brought this action to recover from the defendant Glenn, Collector of Internal Revenue, the sum of $1,271.60 with interest which it claims it paid under protest as Social Security taxes in December, 1938, and January, 1939. It contends that it is not an employer within the provisions of Sections 804 and 901 of the Act, Sections 1004 and 1101, Title 42 U.S. C.A., under which provisions the tax in question was assessed. It is agreed between the parties that the preliminary steps necessary to be taken in order to properly maintain this action were taken by the plaintiff.

### Findings of Fact.

The plaintiff Kentucky Cottage Industries, Inc., is a Kentucky corporation with its principal office and place of business at Hardinsburg, Kentucky. At the times under consideration it was engaged in the business of making comforters, quilts, and similar articles which were made by hand by various individuals engaged by the plaintiff. Plaintiff's method of production of the articles which it sold was as follows: A particular design for an article was determined upon by the plaintiff which design was stamped upon the material to be used and specifications dealing with the nature of the work to be performed were decided upon. The plaintiff then turned over to an individual who was willing to do the work the design, specifications and the material from which the finished article was to be made. A written contract was entered into between the plaintiff and the worker which provided as follows:

"Hardinsburg, Kentucky ———— 193—

"Work Contract

"This Agreement, made and entered into, in duplicate, on the above written day between ——————, herein called First Party, and Kentucky Cottage Industries, Incorporated, a Kentucky corporation, herein called Second Party.

"Witnesseth, That:—

"First Party herewith acknowledges that she has this day received from Second Party the following materials:

"First Party agrees to work same according to specifications given by Second Party, which specifications are attached hereto and made a part hereof as fully and to the same extent as if copied herein at length, and upon the completion of the work required in said specifications, and not later than ——— days from the date hereof, to return said materials to Second Party.

"Second Party agrees that said work may be done at such times within the period hereinabove allowed and at such places as are agreeable to First Party, and further that First Party may do said work either personally or by agents of her own selection.

"Upon First Party's completing the specified work upon said materials to the satisfaction of Second Party and re-delivering to Second Party the completed work and all unused portions of said materials Second Party agrees to pay First Party for said work a total price of $———.

"From the time of the delivery of said materials by Second Party to First Party, and until the re-delivery of said materials to Second Party, First Party shall be liable for the loss or ruin of, or damage or injury to, said materials.

"In Testimony Whereof, witness the signatures of the parties hereunto affixed the day and year first hereinabove written.

"————— First Party

"Kentucky Cottage Industries,
　　　　Incorporated

"by ————— Second Party.

"Original."

The workers were wives and daughters of farmers living in the same or adjoining counties, who had time available for the work when not occupied with their regular farm duties. The material would then be taken by the worker to the worker's home where the work would be done by the worker or by such other people as the worker would secure to assist her, and returned to the plaintiff within the specified time. The plaintiff did not furnish either a place to work in or the tools with which to do the work. The work involved was skilled. The worker was not required to work exclusively for the plaintiff, and as a matter of fact would often work for one or more of the several competitors of the plaintiff in the same part of the state. During the busy season work would be let out by the plaintiff to as many as five hundred different workers. The plaintiff exercised no control over the working hours, working conditions or details of the work while it was being done at the worker's home, but did have the right of acceptance or rejection when the finished product was returned. Each piece of work was a separate matter of business; there was no obligation on the part of the plaintiff to reemploy the same worker on another piece of work and there was no obligation upon the worker to return for work after one piece of work had been completed. As a matter of fact, it usually happened that the same worker would continue with numerous successive contracts.

### Conclusions of Law.

Section 804 of the Social Security Act of August 14, 1935, Section 1004, Title 42 U.S.C.A., provides that every employer shall pay an excise tax with respect to having individuals in his employ, equal to a designated percentage of the wages paid by the employer after December 31, 1936, with respect to employment after such date. Section 811 of the Act, 42 U.S.C.A. § 1011, provides that the term "employment" means any service, of whatever nature, performed within the United States by an employee for his employer, excepting certain classes of employment which are exempt and which are not applicable to the present facts.

Sections 901 and 907 of the Social Security Act (Sections 1101 and 1107, Title 42 U.S.C.A., provide that every employer of eight or more persons shall for the purpose of unemployment compensation on and after January 1, 1936, pay for each calendar year an excise tax, with respect to having individuals in his employ, equal to a designated percentage of the total wages payable by him with respect to employment during such calendar year; and that the term "employment" means any service, of whatever nature, performed within the United States by an employee for his employer, except certain classes of employment which are exempt and which are not applicable to facts of the present case.

In order for the provisions of the act to be applicable the relationship between the person for whom such services are performed and the individual who performs such services must as to those services be the legal relationship of employer and employee. Generally such relationship exists when the person for whom services are performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work but also as to the details and means by which that result is accomplished. That is, an employee is subject to the will and control of the employer not only as to what shall be done but how it shall be done. In this connection, it is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if he has the right to do so. The right to discharge is also an important factor indicating that the person possessing that right is an employer. Other factors characteristic of an employer, but not necessarily present in every case, are the furnishing of tools and the furnishing of a place to work, to the individual who performs the services. In general, if an individual is subject to the control or direction of another merely as to the result to be accomplished by the work and not as to the means and methods for accomplishing the result, he is an independent contractor. An individual performing services as an independent contractor is not as to such services an employee. The measurement, method, or designation of compensation is

also immaterial, if the relationship of employer and employee in fact exists. Article 3 of Treasury Regulations 91, promulgated under Title VIII of the Social Security Act, 42 U.S.C.A. § 1001 et seq.

An independent contractor is a person who, in the pursuit of an independent business, undertakes to do, a specific work for other persons, using his own means and methods, without submitting himself to their control in respect to all its details. The true test of a contractor would seem to be that he renders service in the course of an independent occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished. American Savings Life Ins. Company v. Riplinger, 249 Ky. 8, page 16, 60 S.W.2d 115; Harmount & Woolf Tie Co. v. Baker, 251 Ky. 795, 66 S.W.2d 45; Jahn's Adm'r v. McKnight & Co., 117 Ky. 655, 78 S.W. 862; Bowen v. Gradison Construction Co., 236 Ky. 270, 32 S.W.2d 1014.

Ordinarily where one employs another to execute a piece of work, and the one so employed has the right to select his own assistants and help, the employer having no control over the hands of the employee and no right to direct the manner in which the work shall be done other than to require that it shall be done in accordance with the specifications under which it is contracted to be done, the one so contracted with is an independent contractor. Lexington & E. Ry. Company v. White, 182 Ky. 267, 206 S.W. 467; Pine Mountain R. R. Co. v. Finley, Ky., 117 S.W. 413.

The existence or absence of the power on the part of an employer to terminate the employment at .any time, or to control the conduct of the employment by interrupting the work or changing the employee from one task to another task before the first task is completed is one of the most decisive elements to be considered. The existence of such a power on the part of the employer is compatible with the relationship of employer and employee; the absence of such a power is indicative of the relationship of the independent contractor. Bowen v. Gradison Construction Company, supra.

The words "employment" and "employer" and "employee" as used in the act are used in their natural sense and intended to describe the conventional relation of employer and employee. Barnes et al. v. Indian Refining Co. et al., 280 Ky. 811, 134 S.W.2d 620; Robinson v. Baltimore & Ohio R. R. Co., 237 U.S. 84, 35 S.Ct. 491, 59 L.Ed. 849.

In the present case the worker is required by his contract to deliver a finished product for a specified price within a specified time. The plaintiff does not control the working hours of the worker or the conditions under which the work is done, or even the particular person or persons who may do the prescribed work. Although the plaintiff has the right not to employ the worker for another piece of work, yet no right exists by which the plaintiff can discharge the worker while the particular contract under which the worker is working is uncompleted. During the course of that work the plaintiff can not legally compel the worker to discontinue with that particular piece of work and engage in other work desired by the plaintiff. Although the worker is required to comply with specifications laid down by the plaintiff, and the plaintiff reserves the right to reject the finished product if not satisfactory to the plaintiff, yet such a right is the usual incident to any contract with an independent contractor who must live up to his contract obligations in order to receive his compensation. The particular facts existing in this case makes the relationship between the plaintiff and the workers that of independent contractor rather than the relationship of employer and employee. Indian Refining Co. v. Dallman, Collector, D.C.S.D. Ill., 31 F.Supp. 455, affirmed by Circuit Court of Appeals 7 Cir., April 11, 1941, 119 F.2d 417; Texas Company v. Higgins, Collector, D.C.S.D.N.Y., 32 F. Supp. 428, affirmed by Circuit Court of Appeals 2 Cir., April 4, 1941, 118 F.2d 636; Underwood v. Commissioner of Internal Revenue, 4 Cir., 56 F.2d 67.

Plaintiff is entitled to judgment in accordance with its prayer of its petition.