**WALLING, Administrator of Wage and Hour Division, United States Department of Labor, v. TODD et al.**

**No. 921.**

District Court, M. D. Pennsylvania.

Oct. 5, 1943.

See, also, 2 F.R.D. 522.

Irving J. Levy, Acting Sol., of Washington, D. C., Ernest N. Votaw, Regional Atty., and Morris Hoffman, Atty., Wage and Hour Division, United States Department of Labor, both of Philadelphia, Pa., for plaintiff.

W. B. Anstine, of York, Pa., and Robert Lee Jacobs, of Jacobs and Jacobs, of Carlisle, Pa., for defendants.

JOHNSON, District Judge.

This is a civil action brought in this court by the Administrator of the Wage and Hour Division, United States Department of Labor, in which judgment is sought to enjoin and restrain the defendant manufacturing company from violat-

ing the provisions of the Fair Labor Standards Act of June 25, 1938, c. 676, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq.

The facts are as follows: The defendants are copartners engaged in the business of producing and selling rag rugs and carpets in interstate commerce. The offices and factory building are located in the Borough of Carlisle, Cumberland County, within the Middle District of Pennsylvania. In the course of business the defendants purchased a product known as raw rags which were delivered to various women living in and about Carlisle who prepared the rags for delivery to the defendants by ripping, sewing ends together, and skeining the rags at home. The raw rags were delivered to the women under a written agreement which read as follows: "Agreement between Todd Carpet Manufacturing Company, of Carlisle, Pa., hereinafter called first party and———of———, Pa., hereinafter called second party. Second party acknowledges that he has received from first party the number of pounds of material listed below. Second party agrees to sew said material in strips and skein the same. Second party shall furnish all thread, needles and other tools necessary. First party shall not have any control over or right to control said second party. First party agrees to pay second party the sum of———when all said material has been prepared as above described and returned to said first party or its agent. This is the complete contract between the parties." At the time the raw rags were delivered to the workers no time was fixed for the return of the product in skeined form, the hours to be worked were optional, no schedule for work in any day or week fixed, the women were not required to do the work themselves but could be assisted by friends, neighbors and members of the family, and each worker furnished the place to work, the thread, tools and equipment. No control or supervision was exercised over the workers at any time, nor was there any instruction or training of them by the defendants. No record was kept by the worker of the hours of spare time given to this work. The skeined rags were delivered to the defendants whenever completed and were paid for by weight which depended upon the amount of raw rags the worker was willing to accept. The home worker was not subject to discharge, the defendant being obligated to accept the finished product at any time delivery was made.

The defendants contend that these workers were not employees but were independent contractors. The plaintiff contends that the workers are subject to the provisions of the Fair Labor Standards Act and being subject thereto did not receive compensation at the rates set forth in the Act.

In discussing the contention of the parties to this action and the question involved therein it is to be noted that the plaintiff relies upon the wording of the Act to sustain his position. Under Section 203, of Definitions, subsection (e) provides: "'Employee' includes any individual employed by an employer", and subsection (g) provides: "'Employ' includes to suffer or permit to work." It is upon this broad definition that plaintiff relies in requesting judgment.

At the trial of the case without jury a number of home workers were sworn as witnesses and the testimony elicited established the facts hereinbefore set forth. This testimony together with the testimony of the defendant partners also proved that in October of 1941, after an adjustment of any possible claim on the part of all workers, worked out with representatives of the Wage and Hour Division, the custom of allowing work on the raw rags by home workers was discontinued by the defendants. The testimony also showed a distinct and honest effort upon the part of the defendants to comply with the provisions of the Act. The uncontroverted testimony of Roger K. Todd, one of the defendant partners, revealed that a year previous to the adjustment of all possible claims and the discontinuance of all home work the partners had requested from the Wage and Hour Division information as to the status of the home workers. Slightly over a year passed without an answer from the Division when a representative of the Division came to defendants' factory. As a result of that visit and investigation the defendants made a settlement with the workers, discontinued home work, and set up records in accordance with the advice of the representative.

█ The plaintiff in support of his contention has cited many cases in an attempt to show that these home workers were not independent contractors but that contention cannot be sustained.

█ The true test of a contractor is that he renders service in the course of an independent occupation representing the will

of his employer only as to the result of his work and not as to means by which it is accomplished. Kentucky Cottage Industries, Inc. v. Glenn, D.C., 39 F.Supp. 642.

Unless the type of work involved is covered by the Fair Labor Standards Act, the District Court cannot grant relief against excessive hours and inadequate pay; the remedy for relief against such matters begins with Congress. Walling, Adm'r of Wage and Hour Division, U.S. Department of Labor v. American Needlecrafts, Inc., 46 F.Supp. 16. This case states that "Ordinarily, where one employs another to execute a piece of work and the one so employed has the right to select his own assistants and help, the employer having no control over hands of employee and no right to direct the manner in which the work shall be done other than to require that it shall be done in accordance with specifications under which it is contracted to be done, the one so contracted with is an 'independent contractor' and not an 'employee'. * * *

"In providing by the Fair Labor Standards Act that the term 'employ' includes 'to suffer or permit to work', Congress did not intend to destroy established rules fixing the status and affecting the relationship of employer and employee in actions based upon that relationship, and the quoted phrase was used to protect employees who actually were employees within the usually accepted meaning of the terms, regardless of terminology used in contract of employment."

It is not the purpose of the Fair Labor Standards Act to create new wage liabilities, but where a wage liability exists, to measure it by the standards fixed by law. Bowman v. Pace Co., 5 Cir., 119 F.2d 858, 860.

The purpose of an injunction is to deter a defendant from engaging in prohibited acts, and not to punish him for past conduct. Fleming, Administrator of Wage and Hour Division, Department of Labor v. National Bank of Commerce of Charleston, D.C., 41 F.Supp. 833.

" * * * the provisions (of the Fair Labor Standards Act of 1938) for injunction and for criminal prosecution are alternative remedies, but the injunction should not be granted unless there is adequate cause shown therefor in accordance with applicable principles of equity.

"It is a familiar rule of equity that an injunction will not be issued where the wrong complained of has fully and definitely terminated before the institution of the suit; and where the circumstances are such that the chancellor is convinced from the proof there is no likelihood of repetition." Fleming, Administrator of Wage and Hour Division, United States Department of Labor, v. Phipps, D.C., 35 F.Supp. 627, at page 630.

In the above case which was an action by the Administrator of the Wage and Hour Division of the Department of Labor against a sawmill operator for an injunction to enjoin a violation of the provisions of the Fair Labor Standards Act of 1938, the Administrator's motion for judgment was denied, although previous violations of the act by the operator had been admitted, where it appeared that the violations had ceased more than six months before the institution of the action.

It thus appears that there has been no violation of the Fair Labor Standards Act by the defendants and even if a violation had occurred it has been rectified.

Now, therefore, the demand of plaintiff for judgment enjoining and restraining defendants from violating the provisions of the Fair Labor Standards Act is hereby refused.