480

MITCHELL, Secretary of Labor

v.

BOISSEAU.

Civ. No. 3648.

United States District Court,
E. D. Louisiana, New Orleans Division.

Jan. 27, 1954.

Stuart Rothman, Sol., Washington, D. C., Earl Street, Regional Atty., Harry Campbell, Jr., Asst. Regional Atty., Dallas, Tex., for plaintiff.

Rittenberg, Weinstein & Bronfin, Robert Weinstein, Henry F. Yoder, New Orleans, La., for defendant.

WRIGHT, District Judge.

The question presented is whether or not the defendant in the operation of his letter shop has violated the following provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S. C.A. § 201 et seq.: Sections 6 and 15 (a) (2) relating to minimum wages for employees, Sections 11(c) and 15(a) (5) relating to maintenance of proper work records, and Section 15(a) (1) relating to the shipment in interstate commerce of goods produced by employees paid less than the minimum wage. The issues of fact and law having come on to be heard on the pleadings and proofs of the parties and due deliberation having been had, the court now makes the following findings of fact and conclusions of law.

### Findings of Fact.

1. Defendant, H. J. Boisseau, resides in the City of New Orleans, Orleans Parish, Louisiana, within the jurisdiction of this court, and at all times material hereto was the sole owner and proprietor of a place of business located in the said City of New Orleans.

2. At all times material hereto defendant was engaged in the operation of what, for convenience, is hereinafter referred to as a letter shop. The activities carried on in said place of business consisted of duplicating, mimeographing and otherwise printing or reproducing form letters, advertising circulars, and other advertising materials, affixing signatures to form letters, inserting names and addresses in form letters, addressing envelopes, inserting letters, advertising circulars and other advertising material in such envelopes, and stamping such envelopes, and mailing such envelopes and their content to the addresses, or delivering them to the person for whom said work was done, for such mailing.

3. Substantially all of the customers of the defendant for whom the work referred to hereinafter was performed were business and commercial concerns located in the City of New Orleans.

4. From on or about January 1, 1952, to on or about June 30, 1953, the defendant's gross income from the aforesaid business amounted to approximately $49,000, of which in excess of 78% was performed for ten customers. Approximately 35% of the total was performed for one customer and five-sixths of all work done for this customer was addressed to individuals without the State of Louisiana, so that during said period in excess of 30% of the defendant's total work was done in preparation of the mailing of form letters, advertising materials, etc., to points without the State of Louisiana.

5. The individuals who addressed form letters, addressed envelopes, and signed form letters, were compensated on a piece rate basis. Each employee was assigned all work by this defendant, performed said work in the defendant's establishment under defendant's supervision, delivered it to the defendant, and at all times was under the control of the defendant. No records of hours worked by the employees were maintained by the defendant.

6. Those employees engaged in addressing form letters and envelopes received $4.50 per thousand for form letters and $3.50 per thousand for envelopes. The employee engaged in affixing signatures to form letters received $1 per thousand. The rate of production which the said employees were able to maintain resulted in, at least, their frequently receiving less than 75 cents per hour.

7. At various times during the period involved herein the defendant employed individuals entitled by him "office boys". Such employees "stuffed" envelopes, stamped, sealed, and mailed envelopes containing the material hereinabove de-

scribed and performed any and all other duties assigned them by the defendant. These employees were compensated on a monthly salary basis at rates varying from $70 to $125 per month and normally worked 40 hours per week. They therefore did not receive at least 75 cents per hour for each hour worked.

8. All of the employees hereinabove referred to regularly worked on goods destined for interstate transportation.

9. The work performed by the defendant's employees was pursuant to an agreement between the defendant and his customers for the preparation of mail and advertising matter, and the production was either mailed by defendant on behalf of such customers or delivered to such customer for mailing.

10. The business carried on by the defendant is classified as "Miscellaneous Business Services" by the Standard Industrial Classification Manual, and may properly be regarded as a sub-branch of the marketing industry or of the advertising industry, or both.

11. No evidence has been adduced by the defendant that such services or sales of services are regarded as retail either in the marketing industry or the advertising industry. On the contrary, all of the competent evidence herein reflects that such sales are not so regarded.

Conclusions of Law.

1. The court has jurisdiction of this action.

2. The individuals engaged in addressing form letters and envelopes and affixing signatures to form letters are employees of the defendant within the meaning of the Fair Labor Standards Act of 1938, as amended.

3. By failing to compensate his employees at rates not less than 75 cents per hour, defendant has violated Sections 6 and 15(a) (2) of said Act.

4. By failing to maintain, keep and preserve adequate and accurate records of hours worked and wages paid his employees, defendant has violated Sections 11(c) and 15(a) (5) of said Act.

5. By shipping, transporting, offering for transportation, and selling in interstate commerce, and by shipping, delivering, or selling with knowledge that shipment, delivery, or sale thereof in interstate commerce is intended, goods in the production of which any of his employees were employed at rates less than 75 cents an hour, defendant has violated the provisions of Section 15(a) (1) of said Act.

6. Defendant has failed to sustain the burden upon him of proving that he is entitled to the exemption granted by Section 13(a) (2) of the Act to retail and service establishments and has further failed to sustain the burden of proof upon him that his sales or services are regarded as retail in the particular industry of which he is a part.

7. Defendant is not within the exemption granted by Section 13(a) (2) of the Act to retail or service establishments.

8. Plaintiff is entitled to a judgment as prayed.