James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

NORTHWESTERN KITE COMPANY, Incorporated, Defendant.

Civ. No. 4483.

United States District Court D. Minnesota, Fourth Division. April 26, 1955.

Stuart Rothman, Sol., Washington, D. C., Herman Grant, Regional Atty., Chicago, Ill., and James B. Leist, Atty., U. S. Dept. of Labor, Washington, D. C., for plaintiff.

Frank J. Collins, Minneapolis, Minn., for defendant.

NORDBYE, Chief Judge.

This is a suit for an injunction restraining defendant permanently from

violating the provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., specifically Sections 215(a) (1), 215 (a) (2), and 215(a) (5).

The case is submitted upon a stipulation of facts and briefs of the parties. The only issue is whether certain industrial homeworkers engaged in assembling toy kites for the defendant are "employees" within the meaning of the Fair Labor Standards Act or are independent contractors. Defendant agrees that if said homeworkers are "employees", it has violated the Act.

Defendant is engaged in the business of handling, selling and distributing toy kite assemblies consisting of two sticks and a diamond-shaped paper kite, and sold in a "knocked-down" condition with the paper portion rolled around the sticks and held together with a rubber band. Approximately 30 industrial homeworkers are engaged each workweek by the defendant to manufacture these toy kite assemblies. Defendant supplies each homeworker with a kite board, the pre-cut kite papers, strings, and pre-cut sticks. These materials remain the property of the defendant. The homeworker then prepares the kite assembly for distribution or sale by stringing the kite paper, folding it, rolling the paper around the stick and securing the same with a rubber band. The homeworker then bundles together 100 assemblies and binds them with a string. In some cases it is not necessary to instruct a beginning homeworker in this process, but, if necessary, defendant will instruct a beginner in regard to this procedure. None of this work is done upon defendant's premises, the homeworker picking up his materials at defendant's place of business, taking it home, and returning the finished product. Defendant does not attempt to supervise the manner in which the homeworker has performed the manufacturing operations described; however, it inspects all assemblies delivered to it and refuses to accept any not manufactured according to its standards. In addition, it has from time to time instructed its workers not to work more than 40 hours per week, requested certain workers to produce a specified number of assemblies within a certain date, and restricts the issuance of materials to homeworkers in slack seasons. Defendant is the only firm in Minneapolis, Minnesota, engaged in this kind of business, and is the only firm for which any homeworker has manufactured kite assemblies. None of the homeworkers have hired others to manufacture kite assemblies, although members of a homeworker's immediate family have occasionally assisted voluntarily. The homeworkers are compensated upon a piece rate basis.

We are not here concerned with whether these facts establish the relationship of master and servant under the common law. The issue before the Court is whether these homeworkers are employees within the meaning of the Fair Labor Standards Act, and in determining that question the test is whether as a matter of "economic reality" a worker is an employee, not whether he is a servant according to the " ' "technical concepts pertinent to an employer's legal responsibility to third persons for the acts of his servants." ' " United States v. Silk, 1947, 331 U.S. 704, 67 S.Ct. 1463, 1468, 91 L.Ed. 1757; Rutherford Food Corp. v. McComb, 1947, 331 U.S. 722, 67 S.Ct. 1473, 91 L.Ed. 1772; N. L. R. B. v. Hearst Pub., Inc., 1944, 322 U.S. 111, 64 S.Ct. 851, 88 L.Ed. 1170. The 1948 amendment to the Social Security Act, 42 U.S.C.A. § 410(k) (2) and 26 U.S.C.A. § 1426(d), which expressly adopts the common-law test in defining who is an employee under that Act, obviously cannot affect the case at bar. Although that Amendment clearly changes the test to be applied under the Social Security Act, the very fact that Congress retained in the Fair Labor Standards Act the same broad definition of "employee" which prompted the decision in the Rutherford case, indicates that the change in the Social Security law was not to affect the Fair Labor Standards Act as applied by the Supreme Court. McComb v. Home-

workers' Handicraft Co-op., 4 Cir., 1949, 176 F.2d 633, certiorari denied 338 U.S. 900, 70 S.Ct. 250, 94 L.Ed. 553.

■ The Act itself defines "employee" as including "any individual employed by an employer." 29 U.S.C.A. § 203(e). And "employ" is defined as including "to suffer or permit to work". 29 U.S.C.A. § 203(g). These definitions were described by Senator (now Justice) Black, at the time the Act was passed, as "the broadest definition that has ever been included in any one Act", see 81 Cong.Rec. 7657, and have time and again been held to include homeworkers substantially in the position of those whose services were engaged by defendant in the instant case. McComb v. Homeworkers Handicraft Co-op., supra; Walling v. Twyeffort, 2 Cir., 1947, 158 F.2d 944, certiorari denied 331 U.S. 851, 67 S.Ct. 1727, 91 L.Ed. 1859, rehearing denied 332 U.S. 785, 68 S.Ct. 31, 92 L.Ed. 368; Walling v. American Needlecrafts, Inc., 6 Cir., 1943, 139 F.2d 60; Durkin v. Shone, D.C.E.D.Tenn., 1953, 112 F.Supp. 375; McComb v. Edward S. Wagner Co., D.C.E.D.N.Y., 1950 89 F.Supp. 304, reversed on other grounds, Tobin v. Edward S. Wagner Co., 2 Cir., 187 F.2d 977; Walling v. Wolff, D.C.E.D.N.Y., 1945, 63 F.Supp. 605. It is clear that compensation upon a piece rate rather than an hourly or weekly basis does not make the Act inapplicable. United States v. Rosenwasser, 1944, 323 U.S. 360, 65 S.Ct. 295, 89 L.Ed. 301. Probably the only case holding that homeworkers are independent contractors is Walling v. Todd, D.C.M.D.Pa., 1943, 52 F.Supp. 62. However, that case expressly relies upon the assumption that the Fair Labor Standards Act was not intended to destroy traditional common-law definitions of master and servant. This assumption was, of course, expressly negatived by the Supreme Court in the Rutherford and Silk cases. Moreover, the Court found in Walling v. Todd, supra, that if a violation had occurred it had been rectified and hence no injunction should issue.

■ This Court concludes that defendant's homeworkers are employees within the meaning of the Act. They are not only an integral part of defendant's business, but they manufacture all of the kite assemblies which it sells. They have no investment in materials, supplies, or other facilities. Defendant exercises as much control over these workers as is necessary or desirable in light of the extremely simple nature of their work. The homeworkers have no opportunity for profit or loss, for they are paid solely upon the basis of the number of assemblies completed and are not docked for materials spoiled. Manifestly, their compensation is no different from the piece-rate wage paid to many assembly-line factory workers. Practically no independent initiative or judgment is called for from these allegedly independent contractors. Finally the relationship between the defendant and these homeworkers is, from the standpoint of economic reality, identical to the relationship existing between any employer and employee. The defendant has always relied upon homeworkers as the source of its manufacturing labor. It employs only three other persons, as office and warehouse workers. And since the defendant is the only producer of kites in this area, it is apparent that the homeworkers are dependent upon it for their livelihood.

Defendant strays from the issue to which it has limited itself by stipulation and contends that the Act is unconstitutional for vagueness. It may be said that since this is a civil action for an injunction, the penal provisions of the Act could in no way be in issue.

It follows that the plaintiff is entitled to judgment in accordance with the relief demanded in its complaint. An appropriate order for judgment may be presented upon ten days' notice. An exception is reserved.