**James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,**

**v.**

**AMERICAN REPUBLIC INSURANCE COMPANY, a corporation, Defendant.**

**No. 3–732.**

United States District Court
S. D. Iowa, Central Division.

March 22, 1957.

See also, 20 F.R.D. 115.

Stuart Rothman, Solicitor, Washington, D. C., Harper Barnes, Regional Atty., Gerald Z. Rossow, Wm. C. Cull, Attys., U. S. Dept. of Labor, Kansas City, Mo., for plaintiff.

Oral S. Swift and George W. Murray, Des Moines, Iowa, for defendant.

REEVES, District Judge.

By this action the plaintiff seeks to enjoin the defendant from claimed violations of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. There is no controversy as to the facts.

From January 1, 1955, until July 23, 1956, the defendant arranged with a large number of individuals to do home work for the defendant in addressing mail matter to sundry individuals who might be interested as prospects for insurance. From the period July 23, 1956 until the present time it arranged with a lesser number, namely, eighteen individuals, to do identical work. The defendant's arrangement with the individuals of each group was by contract which contained a recital on the part of the individuals that:

"I hereby offer and agree, at my own risk and cost, as an independent contractor and according to methods adopted or to be adopted by me, to act as a home addresser for said

American Republic Insurance Company, herein referred to as Company."

Then this significant recital:

"I undertake to address such cards, letters or other communications *as said Company may require to be addressed, subject to the instructions attached hereto. * * *.*" (Emphasis mine.)

In other portions of the contract exceptions were made regarding the will of the worker:

"* * * as otherwise provided in the instructions hereto attached * * *."

The discretion of the individual was limited by the instructions attached to the contract. The provisions of the contract varied somewhat on compensation, but such compensation was based upon each 1,000 completed items.

It was admitted that the advertising matter was used in interstate commerce, and that therefore the individuals were producing or preparing matter to be used in interstate commerce.

By reason of the contract labeling each individual as an "independent contractor," it is the contention of the defendant that such work did not fall within the Fair Labor Standards Act.

On the other hand, if such individuals were in fact employees, then, according to the undisputed testimony, the wages did not comport with the minimum required by law, nor were the workers paid for overtime as required under the Fair Labor Standards Act. Moreover, the defendant did not keep and maintain a record as required by said Act.

The only question, therefore, is whether these homeworkers were in fact "employees" of the defendant within the purview of the Fair Labor Standards Act.

1. As well stated by able Judge Nordbye, District Judge for the District of Minnesota, in Mitchell v. Northwestern Kite Company, Inc., 130 F.Supp. 835, loc. cit. 838, the words "employee", "employer" and "employ" as defined in the statute "have time and again been held to include homeworkers substantially in the position of those whose services were engaged by defendant in the instant case." Judge Nordbye cited a wealth of authorities in support of this proposition. The case being considered by Judge Nordbye was a matter of assembling kites from parts supplied by the manufacturer. Payment was made solely on the basis of the number of kites assembled. The defendant in that case was engaged in the business of handling, selling and distributing toy kites.

The Supreme Court, in Rutherford Food Corp. v. McComb, 331 U.S. 722, loc. cit. 729, 67 S.Ct. 1473, loc. cit. 1476, 91 L.Ed. 1772, said:

"Where the work done, in its essence, follows the usual path of an employee, putting on an 'independent contractor' label does not take the worker from the protection of the Act."

In Walling v. Twyeffort, Inc., 2 Cir., 158 F.2d 944, loc. cit. 947, the Court of Appeals, said:

"Drawing the line between employees and independent contractors cannot be done mechanically; it calls for rational judgment as the facts vary, * * *."

In that case, Judge Frank, the author of the opinion, was considering outside tailoring work. The gist of the facts were stated, loc. cit. 945, as follows:

"After the employees on the premises cut material in accordance with patterns made there for each customer, the material, together with linings, thread, buttons and other trimmings, is sent to tailors working off the premises, to be sewed *according to specific instructions contained on an accompanying tag, these being sufficiently detailed to direct the tailors exactly how to sew and complete the garments and obviating any need of further control, supervision or instructions or the exercise of judgment on their part.*" (Emphasis mine.)

2. With the foregoing as a postulate, the facts in this case may be considered

on the sole question obtruding itself. The homeworkers in the instant case were not motivated by thought of profit, nor were they permitted to exercise an independent judgment or discretion. Such matters were controlled entirely by the instructions submitted with the contract. They followed the "path" of employees and not that of independent contractors.

The case of Boisseau v. Mitchell, 5 Cir., 218 F.2d 734 is very similar. While it reversed the trial court, whose opinion may be found, D.C., 118 F.Supp. 480, the reversal was entirely upon the ground that the defendant enjoyed an exemption provided by Section 213, Title 29 U.S.C.A. It upheld the trial judge in his ruling that the homeworkers were employees within the Fair Labor Standards statute. The "contract workers" in that case operated precisely as in the case at bar.

It follows from the above that the plaintiff is entitled to the relief sought, that is to say, an injunction against the defendant as contemplated by Section 217, Title 29 U.S.C.A.

Counsel for plaintiff will prepare and submit an appropriate decree together with findings of fact and conclusions of law.