Dale **HALL** and Floyd Roberts, d/b/a **Hall and Roberts Coal Co.** et al., Appellants,

v.

Jona **BANKS**, Appellee.

Court of Appeals of Kentucky.

Nov. 5, 1965.

Willis W. Reeves, Reeves, Barret & Cooper, Hazard, for appellants.

Ronald G. Polly, Whitesburg, for appellee.

MOREMEN, Chief Justice.

Appellee's husband, Howard Banks, was seriously injured in a coal mining accident when slate fell on him, broke his back and caused paralysis from the waist down while he was working within the course and scope of his employment for appellant, Hall and Roberts Coal Company. He filed claim before the Workmen's Compensation Board which held that he had been permanently disabled and awarded him the sum of $13,-812.50. Banks died several years after the injury. He had been paid, at the time of his death, $8,357.86. Appellee, widow of Howard Banks, filed an application under KRS 342.111. This reads:

> "When an employe, who has been awarded disability compensation by the Workmen's Compensation Board, shall die *as a result* of such injury or occupational disease prior to the payment to him of the amount of the award, then the dependents of the deceased employee shall be allowed and paid all allowed and unpaid awards made to such employe. * * *"

The Board dismissed appellee's claim and said that although they "strongly suspected" that Banks died as a result of his injury or resulting complication, they concluded that since no medical testimony had been introduced which connected the death with the original injury, any award made would be based on mere surmise and conjecture and therefore would not be proper.

On appeal to the circuit court judgment was entered awarding the wife all allowed and unpaid awards which had been made to her husband. This judgment was entered because the trial court was of opinion that the undisputed testimony given by lay witnesses was sufficient to require that an award be made.

In proceedings before the Workmen's Compensation Board in the instant case, the appellee established by testimony that her husband had been paralyzed from the waist down by the mine injury which left him in a painful and agonizing condition until his death. Two lay witnesses and Mrs. Banks vividly described Banks' condition from the time of his release from the hospital after the injury until his death. Banks had suffered a broken back in the accident; following an operation the operative site refused to heal and remained an open sore until his death; his testicles burst immediately prior to his death; he was in a coma at his death. The import of the testimony was that Banks had slowly and painfully died from his injury.

The appellants did not attempt to prove by medical or lay witnesses that Banks' death resulted from an intervening cause. No evidence was offered to dispute the testimony of appellee's witnesses with regard to Banks' condition. The appellant apparently based its case on the assumption that the appellee could not meet the burden of proving the causal relation between the injury and death without bringing in competent medical testimony.

It is conceded that all the evidence with regard to Banks' condition after injury came from the testimony of lay witnesses. Although medical proof was used to establish Banks' permanent disability in the first action before the Board, no medical testimony was available in this action because Banks had not seen a doctor within four months of his death and an autopsy was not performed.

■ Appellant contends that medical testimony is indispensable in proving the causal connection between the injury and death. This is not invariably so. In Hollinsworth v. Traubaugh, Ky., 268 S.W.2d 43, it was stated that there is no rule of law which requires a claimant in a workmen's compensation case to prove beyond doubt by medical testimony that the accident was the cause of the employee's death.

■ In the majority of cases medical testimony is necessary to establish the causal relationship between injury and death. Laymen certainly are not competent to make

medical diagnoses, or to give conclusions which presume a knowledge of the medical arts. But when the circumstances in a given case clearly show that death was the natural and probable result of the injury, medical testimony, although desirable, is not essential. Thus, this Court upheld the Workmen's Compensation Board's award to a widow for her husband's death although a panel of three doctors called upon to arbitrate refused to give a definite opinion on the cause of death. The only evidence to support the award was given by lay witnesses. Luzerne-Graham Mining Corp. v. Tanner, 314 Ky. 875, 238 S.W.2d 842.

The cause of death in the present case is manifest. An able-bodied man was severely injured in an accident which paralyzed half his body. There was substantial and uncontroverted testimony with respect to the gradual worsening of his condition as indicated by symptoms observable to the ordinary person. It was further established that no visible physical change in condition which could be attributed to a cause other than the accident occurred before death. Under these circumstances a finding that Banks' death was not the result of the accident would be based on surmise and conjecture.

We find it unnecessary to decide the question of whether Mrs. Banks' testimony given before the Board was incompetent under KRS 421.210 known as the "dead man's statute." Since her material testimony was the same as that given by others we find its admission did not constitute prejudicial error. Three Point Coal Company v. Moses, 298 Ky. 868, 184 S.W.2d 242.

We are of opinion that the Board erred in concluding that it had no power to make the award without medical proof and that since the undisputed facts show that appellee should have recovered, the trial court was correct in entering judgment for appellee.

Judgment affirmed.